1   LINDBERGH PORTER, JR., CA Bar No. 100091
    lporter@littler.com
2   RICHARD H. RAHM, CA Bar No. 130728
    rrahm@littler.com
3   ALISON S. HIGHTOWER, CA Bar No. 112429
    ahightower@littler.com
4   LITTLER MENDELSON, P.C.
    650 California Street
5   20th Floor
    San Francisco, California  94108.2693
6   Telephone:  415.433.1940
    Fax No.:     415.399.8490
7

8   Attorneys for Defendant
    Wells Fargo Bank, N.A.
9

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12  SHARON Y. SOSA, BARBARA                 Case No.   EDCV10-1098 VAP(Ex)
    BOUKATHER, ANITA CALVILLO,
13  SHUWEN ZOU, LAWRENCE LIEN,              **NOTICE OF REMOVAL OF CIVIL
    EDMOND H. LEE, ROBERT CONRAD            ACTION TO FEDERAL COURT**
14  TROMMLER, ERMINIA SEDILLO,
    NATALIE HENDERSON, LISSETTE
15  GONZALEZ, CHRISTOPHER S. ROSS,
    CHRISTINA PENG, ANTHONY R.
16  WILLIAMS, PATRICK EARL
    STEWART, JENNIFER MARIES
17  JUMENEZ, RYAN CHRISTPHER
    HOLTZ, ABBY IZURIETA, ALBERTO
18  J. IZURIETA, EILEEN MCCRACKEN,
    MARGARET GARCIA MORENO,
19  BARBARA R. POTTER, STEPHEN R.
    METZ II, VIELKA ALVARADO
20  WIGGINS, BILL VANG, MELANIE L.
    BUFFINGTON, TODD S. BELL,
21  ANKUR BAISHYA, DIANE O.
    SANTOS, IRINA BARBAROV, DENIS
22  SCHULTZ, LINNET CONLEY, VADIM
    DANILIN, DEBORAH L. MARCOUX,
23  HANAN O. HADDAD, ALOYSIUS
    CASANAS, ERNEST P. PAGE,
24  MELISSA ESCOBAR, ALLISON
    VITUG, CURTIS C. GARRETT,
25  RICHARD W. BARRERA, ROBERT
    ALLEN BURKE, ALEJANDRO
26  RODRIGUEZ, CHRIS HOWELL,
    EDGAR ALFREDO ROSALES, SUSAN
27  LESLIE PADFIELD, JOSE REYES
    MOLINA EVERADO GODOY JR.,
28  TRACI SCHRAM, LYNNETTE

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE OF REMOVAL

1   SHAUL, LIZABETH MARIE HILL,
    DAN SHACKELFORD, BETH ANN
2   SLOVAK, MARTIN S. GREENMAN,
    SAIDA G., AVALOS, KATRINA
3   MARIE BARRY, ROBERT WESTON
    COLLINS, JULIE ANN DONALD,
4   ESMERALDA ARRIZON, BRYAN
    JOHN GENER, PIYARESTH
5   TANGCHAIDEE, DUSTIN M.
    HOLZHAUSEN, JOHN KELLY,
6   EVELYN D. CHAVEZ, JAVIER
    TREVIZO, KRISTOFFER R.
7   THOMPSON, ERICK SOSA, ROBERT
    CHIUPPI, WILLIAM GILBERT
8   HERNANDEZ, DENINE FADELL,
    KEVEL NICHELLE AVILA, NATALIE
9   DALIAH BARRANTES, DARREN
    WILLIAM MANSON, SUE E. LARGE,
10  BONNIE LOIS PERRY, ROY WEST II,
    DEXTER MCLEAN, VICKY J. LOPEZ,
11  GIUSEPPE F. VISCONTI, IRENE
    BETANCOURT, NATHANIEL ADAM
12  PRICE, JOHN P. LANG,
    CHRISTOPHER R. CACAL, RICHARD
13  M. FAUST, CATHERINE F. RANGEL,
    BRADLEY MARK BEAUDETTE,
14  BRADFORD PAUL SANBORN,
    WILLIAM REED, BARBARA G.
15  BRIGHT, CHAD JAMES MATTHEWS,
    DAUN MONROE, RAJ K. DITTA,
16  HEATHER LEE PRESHA, HAROLD
    BROUGHTON, KATHLEEN LOUISE
17  LEWIS, CYNTHIA C. YEE, BILL YING
    LI, WELDON R. HOWLETT, and
18  DANIEL QUINTIN MCMORROW, all
    individuals,
19
                    Plaintiffs,
20
            v.
21
    WELLS FARGO BANK, N.A., a
22  Delaware corporation; and DOES 1
    through 10, inclusive,
23
                    Defendants.
24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL

1        TO THE CLERK OF THE UNITED STATES DISTRICT COURT,

2  CENTRAL DISTRICT OF CALIFORNIA:

3        PLEASE TAKE NOTICE that Defendant WELLS FARGO BANK,

4  NATIONAL ASSOCIATION ("Defendant"), hereby removes this action from the

5  Superior Court of California for the County of Riverside to the United States District

6  Court for the Central District of California. This removal is based on federal question

7  jurisdiction, 28 U.S.C. §§ 1331, 1337(a), 1367 and 1441.

8  **I.    TIMELINESS OF REMOVAL**

9        1.    Following decertification of their overtime class action by the

10  United States District Court in *In re Wells Fargo Home Mortgage Overtime Pay*

11  *Litigation*, 2010 U.S. Dist. Lexis 3132 (N.D. Cal. Jan. 13, 2010), certain Plaintiffs on

12  June 9, 2010, and June 18, 2010, filed in Riverside County Superior Court, their

13  complaint and first amended complaint, and on June 25, 2010, served on Wells Fargo,

14  the instant Summons and Complaint entitled Sharon Y. Sosa, *et al*, all individuals vs.

15  Wells Fargo Bank, National Association, and Does 1 through 10, inclusive, case

16  number RIC10011491 ("Complaint"). The Complaint alleges the following six

17  purported causes of action against Defendant: (1) Violation of California Labor Code

18  §§ 510 and 1198 (Unpaid Overtime); (2) Violation of California Labor Code §§ 2800

19  and 2802 (Unpaid Business Expenses); (3) Violation of California Labor Code §§ 201

20  and 202 (Wages Not Timely Paid Upon Termination); (4) Violation of California

21  Labor Code § 204 (Wages Not Timely Paid During Employment); (5) Violation of

22  California Labor Code § 226(a) (Non-compliant Wage Statements); and (6) Violation

23  of California Business & Professions Code §§ 17200, *et seq*., alleged violation of the

24  Federal Fair Labor Standards Act, 29 U.S.C. §§ 206 and 207 ("FLSA"). The

25  Complaint is the initial pleading setting forth the claim for relief upon which this

26  action is based and may be removed. This Notice of Removal is being filed within

27  thirty (30) days after service of the initial pleading and is timely filed pursuant to 28

28  U.S.C. § 1446(b) and Federal Rules of Civil Procedure, Rule 6(a).

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

NOTICE OF REMOVAL        -1-

2.    Every process, pleading, and order served in this case is attached as Exhibit "1" hereto, as required by 28 U.S.C. § 1446(a).

## II.    ORIGINAL JURISDICTION

### A.    This Court Has Jurisdiction.

3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331, 1337(a), 1367 and 1441(a) or (b) over Plaintiffs' Sixth Cause of Action because it arises "under the Constitution, laws or treaties of the United States" (28 U.S.C. § 1331); and/or it arises under "any Act of Congress regulating commerce or protecting trade and commerce ..." (28 U.S.C. § 1337(a)); and it is a "civil action brought in a State Court of which the district courts of the United States have original jurisdiction ..." (28 U.S.C. § 1441 (a)); and/or it is a "civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, laws or treaties of the United States ..." 28 U.S.C. § 1441(b).

4.    Plaintiff's Sixth Cause of Action alleges that "Defendants' policies and practices of failing to pay overtime and minimum wages violate Fair Labor Standards Act, 29 U.S.C. sections 206, 207." *Id.,* ¶ 61. Those sections of the FLSA are the basic requirements for payment of minimum wage and overtime unless certain exemptions apply, e.g., 29 U.S.C. § 219(a); 29 C.F.R. § 541.2 (outside sales persons). Plaintiffs also specifically allege that Defendant improperly classified persons employed as home mortgage consultants, loan originators, loan officers, mortgage specialists, reverse mortgage specialists and loan consultants as exempt from overtime pay. *Complaint* §§ 15, 17. Plaintiffs "incorporate by reference and reallege" such claims in their Sixth Cause of Action. *Id.* § 58.

5.    Plaintiffs' procedural use of California Unfair Competition Law (Business and Professions Code Section 17200) does not convert their federal claim to a state claim.[1] The Ninth Circuit and several district courts have recognized that a

---

[1] Further, the "Artful Pleading Doctrine" lays bare Plaintiffs' claim to reveal its true substance as a federal claim. See ¶¶ 10-13, *infra.*

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL        -2-

1  federal court should exercise federal question jurisdiction over a section 17200 claim

2  that is based upon an alleged violation of federal law that requires interpretation of

3  that federal law. *Brennan v. Southwest Airlines,* 134 F.3d 1405, 1409 (9th Cir. 2004)

4  (federal jurisdiction upheld when Section 17200 claim in its essence required

5  interpretation of federal tax codes) and *People ex rel. Lockyer v. Dynegy Power*

6  *Marketing,* 375 F.3d 831, 841 n.6 (9th Cir. 2004) (since "the reference to and

7  necessity of relying upon federal law is unavoidable" to determine whether the

8  plaintiffs acted "unlawfully" or "unfairly" under section 17200, federal jurisdiction

9  upheld).

10      6.    In *National Credit Reporting Association, Inc. v. Experian*

11  *Information Solutions, Inc.,* 2004 U.S. Dist. Lexis 17303 (N.D. Cal. 2004), the

12  plaintiff included no cause of action labeled violation of the Sherman Act.  But

13  Plaintiff did allege a UCL claim, based upon "unlawful" conduct that "violates state

14  and federal antitrust laws ...." *Id.* at *3.  Noting that "'Section 17200 borrows

15  violations of other laws and treats them as unlawful practices that the unfair

16  competition law makes independently actionable'", the court found that Plaintiff

17  squarely alleged a violation of federal antitrust laws by its reliance on those federal

18  laws as the "unfair, unlawful and deceptive" acts to state its UCL claim. *Id.* at *8,

19  *quoting Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,* 20

20  Cal.4th 163, 180 (1999).  As the district court explained:

21          As the master of its complaint, plaintiff could have avoided
            any issue of federal question and, instead, could have simply
22          borrowed state antitrust laws. But it did not. **Rather,**
            **plaintiff's claim for unlawful business practices**
23          **necessarily rests on questions of federal antitrust law.**

24  *Id.* at *8-9 (emphasis supplied).

25      7.    Relying on *National Credit Reporting Ass'n,* another California

26  district court also denied a motion to remand an action seeking restitution of overtime

27  under section 17200 where a violation of the FLSA was the "unlawful act" borrowed

28  for purposes of the UCL. *Wiley v. Trendwest Resorts, Inc.,* 2005 U.S. Dist. Lexis

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

1  35568 (N.D. Cal. May 3, 2005). The court noted that plaintiffs did not refute that he

2  was pursuing his federal claim for overtime under the FLSA and the analysis of

3  whether Defendant's sales personnel fall within the FLSA's "inside salesperson"

4  exemption.   "**is precisely this analysis that establishes federal question**

5  **jurisdiction**." *Id.* at \*7-8 (emphasis supplied). .

6         8.   Plaintiffs here—like the Plaintiffs in *Wiley*—allege a Section

7  17200 claim that borrows purported violations of the FLSA as the asserted "unfair,

8  unlawful and deceptive" acts.   Plaintiffs allege that "Defendants' policies and

9  practices of failing to pay overtime and minimum wages violate Fair Labor Standards

10  Act, 29 U.S.C. sections 206, 207." Complaint, ¶ 61. Plaintiffs also specifically allege

11  that Defendant improperly classified persons employed as home mortgage consultants,

12  loan originators, loan officers, mortgage specialists, reverse mortgage specialists and

13  loan consultants as exempt from overtime pay. *Id.* ¶¶ 15, 17. Plaintiffs "incorporate

14  by reference and reallege" such claims in their Sixth Cause of Action. *Id.* ¶ 58.

15         9.   Since Plaintiffs' UCL claim necessarily rests on questions of

16  federal wage and hour law that must be resolved to determine whether they are

17  entitled to restitution of overtime to prevail in their Section 17200 claim, Plaintiffs

18  have raised a substantial federal question and by so doing, have granted this federal

19  court jurisdiction to resolve these federal questions. *Id.*

20      **B.**   **The "Artful Pleading" Doctrine Would Apply.**

21        10.   When a plaintiff does not plead a claim on its face based on federal

22  law, a federal court may nevertheless exercise removal under the "artful pleading"

23  doctrine. *Arco Environmental Remediation, LLC v. Dep't of Health & Environ. Qual.*

24  *Of the State of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000). As the Ninth Circuit

25  explained, "[a] plaintiff may not avoid federal jurisdiction by omitting from the

26  complaint federal law essential to his or her claim or by casting in state terms a claim

27  that can be made only under federal law." *Sparta Surgical Corp. v. National Assoc. of*

28  *Sec. Dealers*, 159 F.3d 1209, 1212 (9th Cir. 1998); *accord, Franchise Tax Bd. Of*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE OF REMOVAL       -4-

1    *Calif. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 22, 103 S. Ct. 2841 (1983).
2    The artful pleading doctrine requires courts to "delve beyond the face of the state
3    court complaint and find federal question jurisdiction" by "recharacterizing a
4    plaintiff's state-law claim as a federal claim." *Lippitt v. Raymond James Fin. Serv.,*
5    *Inc.*, 350 F.3d 1033, 1040 (9th Cir. 2003).

6         11.    The artful pleading doctrine applies when "some substantial,
7    disputed question of federal law is a necessary element of one of the well –pleaded
8    state claims. *Franchise Tax Bd of California*, 463 U.S. at 13; *Skelly Oil Co. v.*
9    *Phillips Petroleum Co.*, 339 U.S. 667, 673, 70 S. Ct. 876 (1950); *Brennan v.*
10   *Southwest Airlines Co.*, 134 F.3d 1405, 1409 (9th Cir. 1998). As a corollary, the artful
11   pleading doctrine also requires removal when the right to relief depends on the
12   resolution of a substantial, disputed federal question.    *ARCO Environmental*
13   *Remediation, LLC. v. Dept of Health & Environmental Quality of State of Montana,*
14   213 F.3d 1108, 1114 (9th Cir. 2000).

15        **C.    This Court Has Supplemental Jurisdiction.**

16        12.    Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental
17   jurisdiction over Plaintiffs' remaining causes of action because they are substantially
18   related to their sixth cause of action. Because these causes of action arise from the
19   same nucleus of operative facts as do the sixth cause of action, all should be tried in
20   one action. *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 714 (9th Cir.
21   1990). Considerations of convenience, judicial economy and fairness to the litigants
22   strongly favor this Court exercising jurisdiction over Plaintiffs' entire Complaint.
23   *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966).

24   **III.   VENUE**

25        13.    Venue lies in the Central District of California pursuant to 28
26   U.S.C. §§ 1441 and 1446(a). This action originally was brought in the Superior Court
27   of California, County of Riverside.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL                        -5-

## IV.    NOTICE OF REMOVAL

14.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to counsel for the Plaintiffs, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court for the County of Riverside.

WHEREFORE, Defendant respectfully requests this action be duly removed to this Court, and that it proceed herein.

Dated:        July 26, 2010

_alian Hightower_
Lindbergh Porter, Jr.
LITTLER MENDELSON, P.C.
Attorneys for Defendant
Wells Fargo Bank, N.A.

Firmwide:96532575.1 051995.1026

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL                            -6-

**EXHIBIT 1**

COPY

## SUPERIOR COURT, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA

| | |
|---|---|
| ☐ BANNING 135 N. Alessandro Road, Banning, CA 92220 | ☐ MURRIETA 30755-D Auld Road, Murrieta, CA 92563 |
| ☐ BLYTHE 265 North Broadway, Blythe, CA 92225 | ☒ RIVERSIDE 4050 Main St., Riverside, CA 92501 |
| ☐ HEMET 880 N. State St., Hemet, CA 92543 | ☐ RIVERSIDE 4175 Main St., Riverside, CA 92501 |
| ☐ INDIO 46-200 Oasis St., Indio, CA 92201 | ☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591 |
| ☐ MORENO VALLEY 13800 Heacock St. #D201, Moreno Valley, CA 92553 | |

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUN 09 2010

A. Sanchez

Name and Address
Liana Beneli
Initiative Legal Group, APC
1800 Century Park East, 2nd Floor
Los Angeles, CA 90067

Attorney for Plaintiff
or Party without Attorney

10011491

RIC

SHARON T SOSA; Additional Parties Attachment Form is Attached.

Plaintiff(s)

VS.

WELLS FARGO BANK, N.A., a Delaware corporation; and DOES 1 through 10, inclusive,

Defendant(s)

CASE NO.

CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the
Court for the following reason:

☒ The action arose in this judicial district.

☐ The action concerns real property located in this judicial district.

☐ The defendant resides in this judicial district.

Dated: June 9, 2010

Signed by: _Liana Beneli_
ATTORNEY FOR PLAINTIFF(S)
OR PARTY WITHOUT ATTORNEY

(Rev. 7-1-00)          CERTIFICATE OF COUNSEL          R4000

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Sosa, et al. v. Wells Fargo Bank, N.A. | |

## ATTACHMENT (Number): RI-030

*(This Attachment may be used with any Judicial Council form.)*

SHARON Y SOSA, BARBARA BOUKATHER, ANITA CALVILLO, SHUWEN ZOU, LAWRENCE LIEN, EDMOND H. LEE, ROBERT CONRAD TROMMLER, ERMINIA SEDILLO, NATALIE HENDERSON, LISSETTE GONZALEZ, CHRISTOPHER S. ROSS, CHRISTINA PENG, ANTHONY R. WILLIAMS, PATRICK EARL STEWART, JENNIFER MARIE JIMENEZ, RYAN CHRISTPHER HOLTZ, CARIN I. WEBB, ABBY IZURIETA, ALBERTO J. IZURIETA, EILEEN MCCRACKEN, MARGARET GARCIA MORENO, BARBARA R. POTTER, STEPHEN R. METZ II, VIELKA ALVARADO WIGGINS, BILL VANG, MELANIE L. BUFFINGTON, TODD S. BELL, ANKUR BAISHYA, DIANE O. SANTOS, IRINA BARBAROV, DENISE SCHULTZ, LINNET CONLEY, VADIM DANILIN, and DANIEL QUINTIN MCMORROW. all individuals,

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __1__ of __1__

*(Add pages as required)*

www.courtinfo.ca.gov

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

American LegalNet, Inc.
www.FormsWorkflow.com

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**COPY**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUN 09 2010

A. Sanchez

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO):

WELLS FARGO BANK, N.A., a Delaware corporation; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

SHARON Y SOSA; ADDITIONAL PARTIES ATTACHMENT FORM IS ATTACHED

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: Superior Court of California, | CASE NUMBER: (Número del Caso): **RIC 1001149 1** |

County of Riverside, Civil Department - Courthouse, 4050 Main Street, Riverside, CA 92501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Liana Beneli, Initiative Legal Group, APC 1800 Century Park East, 2nd Floor, LA, CA 90067; 310.556.5637

DATE: June 9, 2010    JUN 09 2010          Clerk, by    A. Sanchez, Deputy
(Fecha)                                    (Secretario)              (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify):  WELL FARGO BANK, N.A, a Delaware corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):

4. ☒ by personal delivery on (date): 6/25/10

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Sosa, et al. v. Wells Fargo Bank, N.A. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[✓] Plaintiff      [ ] Defendant      [ ] Cross-Complainant      [ ] Cross-Defendant

SHARON Y SOSA, BARBARA BOUKATHER, ANITA CALVILLO, SHUWEN ZOU, LAWRENCE LIEN, EDMOND H. LEE, ROBERT CONRAD TROMMLER, ERMINIA SEDILLO, NATALIE HENDERSON, LISSETTE GONZALEZ, CHRISTOPHER S. ROSS, CHRISTINA PENG, ANTHONY R. WILLIAMS, PATRICK EARL STEWART, JENNIFER MARIE JIMENEZ, RYAN CHRISTPHER HOLTZ, CARIN I. WEBB, ABBY IZURIETA, ALBERTO J. IZURIETA, EILEEN MCCRACKEN, MARGARET GARCIA MORENO, BARBARA R. POTTER, STEPHEN R. METZ II, VIELKA ALVARADO WIGGINS, BILL VANG, MELANIE L. BUFFINGTON, TODD S. BELL, ANKUR BAISHYA, DIANE O. SANTOS, IRINA BARBAROV, DENISE SCHULTZ, LINNET CONLEY, VADIM DANILIN, and DANIEL QUINTIN MCMORROW. all individuals,

Page   1   of   1

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

COPY

1  Mónica Balderrama (SBN 196424)
   MBalderrama@InitiativeLegal.com
2  David Cheng (SBN 240926)
   DCheng@@InitiativeLegal.com
3  Liana Beneli (SBN 256023)
   LBeneli@InitiativeLegal.com
4  Initiative Legal Group APC
   1800 Century Park East, 2nd Floor
5  Los Angeles, California 90067
   Telephone:    (310) 556-5637
6  Facsimile:    (310) 861-9051

7  Attorneys for All Plaintiffs



FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUN 09 2010

A. Sanchez

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF RIVERSIDE

1001149 1

10

11  SHARON Y SOSA, BARBARA                    Case No.:    RIC
    BOUKATHER, ANITA CALVILLO,
12  SHUWEN ZOU, LAWRENCE LIEN,                COMPLAINT FOR:
    EDMOND H. LEE, ROBERT CONRAD
13  TROMMLER, ERMINIA SEDILLO,               (1)  Violation of California Labor Code
    NATALIE HENDERSON, LISSETTE                    §§ 510 and 1198 (Unpaid Overtime);
14  GONZALEZ, CHRISTOPHER S. ROSS,           (2)  Violation of California Labor Code
    CHRISTINA PENG, ANTHONY R.                     §§ 2800 and 2802 (Unpaid Business
15  WILLIAMS, PATRICK EARL                         Expenses);
    STEWART, JENNIFER MARIE                   (3)  Violation of California Labor Code
16  JIMENEZ, RYAN CHRISTPHER HOLTZ,                §§ 201 and 202 (Wages Not Timely Paid
    CARIN I. WEBB, ABBY IZURIETA,                  Upon Termination);
17  ALBERTO J. IZURIETA, EILEEN              (4)  Violation of California Labor Code § 204
    MCCRACKEN, MARGARET GARCIA                     (Wages Not Timely Paid During
18  MORENO, BARBARA R. POTTER,                     Employment);
    STEPHEN R. METZ II, VIELKA               (5)  Violation of California Labor Code
19  ALVARADO WIGGINS, BILL VANG,                   § 226(a) (Non-compliant Wage
    MELANIE L. BUFFINGTON, TODD S.                 Statements); and
20  BELL, ANKUR BAISHYA, DIANE O.            (6)  Violation of California Business &
    SANTOS, IRINA BARBAROV, DENISE                 Professions Code §§ 17200, et seq.
21  SCHULTZ, LINNET CONLEY, VADIM
    DANILIN, and DANIEL QUINTIN              Jury Trial Demanded
22  MCMORROW. all individuals,

23           Plaintiffs,

24      vs.

25  WELLS FARGO BANK, N.A., a Delaware
    corporation; and DOES 1 through 10,
26  inclusive,

27           Defendants.

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

COMPLAINT

Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1.     The monetary damages and restitution sought by Plaintiffs exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The amount in controversy for each Plaintiff, including claims for compensatory damages and pro rata share of attorneys' fees, is less than $75,000. The amount in controversy is less than $5,000,000 in the aggregate, including claims for compensatory damages and pro rata share of attorneys' fees.

2.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.     This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4.     Venue is proper in this Court because, upon information and belief, one or more of the named Defendants reside, transact business, or have offices in this county and some of the acts and omissions alleged herein took place in this county.

## THE PARTIES

5.     Plaintiffs are residents of the State of California. Plaintiffs were employed by the Defendant WELLS FARGO BANK, N.A., as Home Mortgage Consultants, Loan Originators, Loan Officers, Mortgage Specialists, Loan Consultants, Mortgage Consultants, Loan Processors, Reverse Mortgage Specialists, collectively referred to as ("HMCs").

6.     Defendant WELLS FARGO BANK, N.A. was and is, upon information and belief, a business entity incorporated in Delaware and headquartered in San Francisco,

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

California, and at all times hereinafter mentioned an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America. Defendant WELLS FARGO BANK, N.A. operates, as a separate division, an entity headquartered outside of the State of California which sells and originates home mortgages loans. Defendant WELLS FARGO BANK, N.A. employed Plaintiffs in the State of California as HMCs to originate and produce mortgage loans.

7.    Plaintiffs are unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 10, but pray for leave to amend and serve such fictitiously named Defendants once their names and capacities become known.

8.    Plaintiffs are informed and believe, and thereon allege, that DOES 1 through 10 are the partners, agents, owners, shareholders, managers or employees of WELLS FARGO BANK, N. A. and/or WELLS FARGO BANK, N. A. and were acting on behalf of WELLS FARGO BANK, N. A. and/or WELLS FARGO BANK, N. A. at all relevant times.

9.    Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, WELLS FARGO BANK, N. A. and/or WELLS FARGO BANK, N. A.and DOES 1 through 10 (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

10.    At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

11.    Plaintiffs are informed and believe, and thereon allege, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## STATEMENT OF FACTS

12.     At all relevant times set forth, Defendants employed Plaintiffs as commission paid employees.

13.     Defendants have employed Plaintiffs, who began and ended employment on different dates, as HMCs, which is a commission paid position, during the period from about February 10, 2001 to the present, at Defendants' multiple locations throughout California.

14.     While employed as HMCs, Plaintiffs were engaged in originating, producing and selling home loans.

15.     Defendants compensated Plaintiffs on a commission sales basis and did not keep records of Plaintiffs' work hours or their activities.  Defendants paid Plaintiffs based on the loans that actually closed and recorded.  Defendants never paid Plaintiffs any overtime or premium pay despite the fact that the Plaintiff routinely worked in excess of eight (8) hours per day and in excess of (40) hours per week.  Rather, Defendants classified Plaintiffs as exempt from overtime compensation.

16.     Defendants continue to employ commission paid employees within California.

### GENERAL ALLEGATIONS

17.     Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.  Defendants misclassified Plaintiffs as employees exempt from overtime because they received sales commissions.

18.     Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiffs' regular rate of pay when they did not receive a timely uninterrupted meal period.

19.     Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiffs' regular rate of pay when a rest period was missed.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

20.     Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment, and that they did not receive full reimbursement of applicable business-related expenses and costs they incurred.

21.     Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to all commissions due to them, and that they did not receive all commissions due to them.

22.     Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to receive complete and accurate wage statements in accordance with California law and that they did not receive complete and accurate wage statements that included, among other things, total hours worked and all applicable hourly and overtime rates.

23.     Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiffs, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly and intentionally failed to do so, and falsely represented to Plaintiffs that they were properly denied wages, all in order to increase Defendants' profits.

24.     California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

**FIRST CAUSE OF ACTION**

**Violation of California Labor Code §§ 510 and 1198**

**(Against All Defendants)**

25.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 24.

26.     California Labor Code section 1198 and the applicable Industrial Welfare

Page 4
COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1 Commission ("IWC") Wage Order provide that it is unlawful to employ persons without

2 compensating them at a rate of pay either time-and-one-half or two-times that person's regular

3 rate of pay, depending on the number of hours worked by the person on a daily or weekly

4 basis.

5     27.   Specifically, the applicable IWC Wage Order provides that Defendants are and

6 were required to pay Plaintiffs employed by Defendants, and working more than eight (8)

7 hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half

8 for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a

9 workweek.

10     28.   The applicable IWC Wage Order further provides that Defendants are and were

11 required to pay Plaintiffs employed by Defendants, and working more than twelve (12) hours

12 in a day, overtime compensation at a rate of two times their regular rate of pay.

13     29.   California Labor Code section 510 codifies the right to overtime compensation

14 at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours

15 in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day

16 of work, and to overtime compensation at twice the regular hourly rate for hours worked in

17 excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day

18 of work.

19     30.   During the relevant time period, Plaintiffs consistently worked in excess of

20 eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40)

21 hours in a week.

22     31.   During the relevant time period, Defendants willfully failed to pay all overtime

23 wages owed to Plaintiffs. Plaintiffs were misclassified as exempt from overtime

24 compensation when they should have been paid overtime compensation for time worked in

25 excess of eight (8) hours per day and/or forty (40) hours per week.

26     32.   Defendants' failure to pay Plaintiffs the unpaid balance of overtime

27 compensation, as required by California laws, violates the provisions of California Labor

28

1    Code sections 510 and 1198, and is therefore unlawful.

2       33.    Pursuant to California Labor Code section 1194, Plaintiffs are entitled to

3    recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

4                          SECOND CAUSE OF ACTION

5                 Violation of California Labor Code §§ 2800 and 2802

6                          (Against All Defendants)

7       34.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

8    material allegations set out in paragraphs 1 through 33.

9       35.    At all times herein set forth, California Labor Code sections 2800 and 2802

10    provide that an employer must reimburse employees for all necessary expenditures.

11       36.    Plaintiffs incurred necessary business-related expenses and costs that were not

12    fully reimbursed by Defendants, including and without limitation, gas, mileage, cell phone

13    expenses, and expenses for client meals, that resulted from their employment with Defendants.

14    Specifically, Defendants had, and continue to have, a policy and practice of requiring

15    employees, including Plaintiffs, to pay for said costs from their own funds.  Defendants had,

16    and continue to have, a policy of not reimbursing employees, including Plaintiffs, for said

17    business-related expenses and costs.

18       37.    Defendants have intentionally and willfully failed to fully reimburse Plaintiffs

19    for necessary business-related expenses and costs.

20       38.    Plaintiffs are entitled to recover from Defendants their business-related

21    expenses incurred during the course and scope of their employment, plus interest, pursuant to

22    California Labor Code sections 2800 and 2802.

23                          THIRD CAUSE OF ACTION

24                 Violation of California Labor Code §§ 201 and 202

25                          (Against All Defendants)

26       39.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

27    material allegations set out in paragraphs 1 through 38.

28

40.     At all times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

41.     During the relevant time period, Defendants willfully failed to pay Plaintiffs who are no longer employed by Defendants their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

42.     Defendants' failure to pay Plaintiffs who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

43.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

44.     Plaintiffs are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## FOURTH CAUSE OF ACTION

### Violation of California Labor Code § 204

### (Against All Defendants)

45.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 44.

46.     At all times herein set forth, California Labor Code section 204 provides that

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

all wages earned by any person in any employment between the 1st and the 15th days,

inclusive, of any calendar month, other than those wages due upon termination of an

employee, are due and payable between the 16th and the 26th day of the month during which

the labor was performed.

47.    At all times herein set forth, California Labor Code section 204 provides that

all wages earned by any person in any employment between the 16th and the last day,

inclusive, of any calendar month, other than those wages due upon termination of an

employee, are due and payable between the 1st and the 10th day of the following month.

48.    At all times herein set forth, California Labor Code section 204 provides that

all wages earned for labor in excess of the normal work period shall be paid no later than the

payday for the next regular payroll period.

49.    During the relevant time period, Defendants willfully failed to pay Plaintiffs all

wages due to them, within any time period permissible by California Labor Code section 204.

50.    Plaintiffs are entitled to recover all remedies available for violations of

California Labor Code section 204.

### FIFTH CAUSE OF ACTION

### Violation of California Labor Code § 226(a)

### (Against All Defendants)

51.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

material allegations set out in paragraphs 1 through 50.

52.    At all material times set forth herein, California Labor Code section 226(a)

provides that every employer shall furnish each of his or her employees an accurate itemized

wage statement in writing showing nine pieces of information, including all applicable hourly

rates, and total hours worked, among other things.

53.    Defendants have intentionally and willfully failed to provide employees with

complete and accurate wage statements. The deficiencies include, among other things, the

failure to include the total number of hours worked by Plaintiffs and the failure to list all

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  applicable hourly rates.

2      54.    As a result of Defendants' violation of California Labor Code section 226(a),

3  Plaintiffs have suffered injury and damage to their statutorily-protected rights.

4      55.    Specifically, Plaintiffs have been injured by Defendants' intentional violation

5  of California Labor Code section 226(a) because they were denied both their legal right to

6  receive, and their protected interest in receiving, accurate, itemized wage statements under

7  California Labor Code section 226(a).

8      56.    Plaintiffs are entitled to recover from Defendants the greater of their actual

9  damages caused by Defendants' failure to comply with California Labor Code section 226(a),

10  or an aggregate penalty not exceeding four thousand dollars per employee.

11      57.    Plaintiffs are also entitled to injunctive relief to ensure compliance with this

12  section, pursuant to California Labor Code section 226(g).

13                          SIXTH CAUSE OF ACTION

14        Violation of California Business & Professions Code §§ 17200, et seq.

15                          (Against All Defendants)

16      58.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

17  material allegations set out in paragraphs 1 through 57.

18      59.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

19  unlawful, and harmful to Plaintiffs and to the general public. Plaintiffs seeks to enforce

20  important rights affecting the public interest within the meaning of Code of Civil Procedure

21  section 1021.5.

22      60.    Defendants' activities, as alleged herein, are violations of California law, and

23  constitute unlawful business acts and practices in violation of California Business &

24  Professions Code sections 17200, et seq.

25      61.    A violation of California Business & Professions Code sections 17200, et seq.

26  may be predicated on the violation of any state or federal law.  In this instant case,

27  Defendants' policies and practices of requiring Plaintiffs, to work overtime without paying

28

COMPLAINT

1  them proper compensation violates California Labor Code sections 510 and 1198.

2  Additionally, Defendants' policies and practices of requiring Plaintiffs to work through their

3  meal and rest periods without paying them proper compensation violate California Labor

4  Code sections 226.7 and 512(a). Defendants' policies and practices of not reimbursing its

5  employees, including Plaintiffs, for business-related expenses and costs violate California

6  Labor Code sections 2800 and 2802. Defendants' policies and practices of failing to timely

7  pay wages to Plaintiffs violate California Labor Code sections 201, 202 and 204.

8  Furthermore, Defendants' policies and practices of failing to pay overtime and minimum

9  wages violate Fair Labor Standards Act, 29 U.S.C. sections 206, 207.

10      62.      Plaintiffs have been personally injured by Defendants' unlawful business acts

11  and practices as alleged herein, including but not necessarily limited to the loss of money

12  and/or property.

13      63.      Pursuant to California Business & Professions Code sections 17200, et seq.,

14  Plaintiffs are entitled to restitution of the wages withheld and retained by Defendants during a

15  period from about February 10, 2001 to the present; a permanent injunction requiring

16  Defendants to pay all outstanding wages due to Plaintiffs; an award of attorneys' fees pursuant

17  to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award

18  of costs.

19                          **REQUEST FOR JURY TRIAL**

20      Plaintiffs request a trial by jury.

21                          **PRAYER FOR RELIEF**

22      Plaintiffs pray for relief and judgment against Defendants of less than $75,000 per

23  Plaintiff and less than $5,000,000 in the aggregate, jointly and severally, as follows:

24                          **As to the First Cause of Action**

25      1.      That the Court declare, adjudge and decree that Defendants violated California

26  Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to

27  pay all overtime wages due to Plaintiffs;

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

COMPLAINT

2.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

3.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

4.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

5.    For such other and further relief as the Court may deem equitable and appropriate.

**As to the Second Cause of Action**

6.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to pay all business-related expenses owed to Plaintiffs;

7.    For unpaid wages and such general and special damages as may be appropriate;

8.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

9.    For all actual, consequential and incidental losses and damages, according to proof; and

10.    For such other and further relief as the Court may deem equitable and appropriate.

**As to the Third Cause of Action**

11.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202 and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiffs no longer employed by Defendants.

12.    For all actual, consequential and incidental losses and damages, according to proof;

13.    For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiffs who have left Defendants' employ;

COMPLAINT

14.   For pre-judgment interest on any unpaid wages from the date such amounts were due; and

15.   For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fourth Cause of Action

16.   That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204, to Plaintiffs;

17.   For all actual, consequential and incidental losses and damages, according to proof;

18.   For pre-judgment interest on any untimely paid compensation, from the date such amounts were due; and

19.   For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action

20.   That the Court declare, adjudge and decree that Defendants violated the record-keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiffs, and willfully failed to provide accurate itemized wage statements thereto;

21.   For all actual, consequential and incidental losses and damages, according to proof;

22.   For statutory penalties pursuant to California Labor Code section 226(e);

23.   For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g); and

24.   For such other and further relief as the Court may deem equitable and appropriate.

### As to the Sixth Cause of Action

25.   That the Court declare, adjudge and decree that Defendants violated California

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Page 12
COMPLAINT

1  Business and Professions Code sections 17200, et seq. by failing to provide Plaintiffs all

2  overtime compensation due to them, failing to provide all meal and rest periods to Plaintiffs,

3  failing to pay for all missed meal and rest periods to Plaintiffs, failing to reimburse Plaintiffs

4  for all business-related expenses, failing to pay at least minimum wages to Plaintiffs, and

5  failing to pay Plaintiffs' wages timely as required by California Labor Code sections 201, 202

6  and 204;

7        26.    For restitution of unpaid wages to Plaintiffs and prejudgment interest from the

8  day such amounts were due and payable;

9        27.    For the appointment of a receiver to receive, manage and distribute any and all

10  funds disgorged from Defendants and determined to have been wrongfully acquired by

11  Defendants as a result of violations of California Business & Professions Code sections 17200

12  et seq.;

13        28.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

14  California Code of Civil Procedure section 1021.5;

15        29.    For injunctive relief to ensure compliance with this section, pursuant to

16  California Business & Professions Code sections 17200, et seq.; and

17        30.    For such other and further relief as the Court may deem equitable and

18  appropriate.

19

20  Dated: June 9, 2010                  Respectfully submitted,

21                                        Initiative Legal Group APC

22

23  By: _Liana Beneli_
                                          Mónica Balderrama
24                                        David Cheng
                                          Liana Beneli
25
                                          Attorneys for All Plaintiffs
26

27

28

COMPLAINT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA  92501
www.riverside.courts.ca.gov

NOTICE OF ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

SOSA VS WELLS FARGO BANK

CASE NO. RIC 10011491

This case is assigned to the Honorable Judge Mark E Johnson
in Department 05 as the case management department.
The Case Management Conference is scheduled for 12/09/10
at  8:30 in Department 05.

The plaintiff/cross-complainant shall serve a copy of this notice on
all defendants/cross-defendants who are named or added to the
complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6(2) shall be
filed in accordance with that section.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of
California, County of Riverside, and that I am not a party to this
action or proceeding. In my capacity, I am familiar with the practices
and procedures used in connection with the mailing of correspondence.
Such correspondence is deposited in the outgoing mail of the Superior
Court. Outgoing mail is delivered to and mailed by the United States
Postal Service, postage prepaid, the same day in the ordinary course
of business. I certify that I served a copy of the foregoing
notice on this date, by depositing said copy as stated above.

Dated: 06/09/10                Court Executive Officer/Clerk

                      By: _____
                            ANNA B SANCHEZ, Deputy Clerk

ac:cmc;cmcb;cmch;cmct;cmcc
cmccb;cmcch;cmcct

COPY

Mónica Balderrama (SBN 196424)
MBalderrama@InitiativeLegal.com
David Cheng (SBN 240926)
DCheng@@InitiativeLegal.com
Liana Beneli (SBN 256023)
LBeneli@InitiativeLegal.com
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone:    (310) 556-5637
Facsimile:    (310) 861-9051

Attorneys for All Plaintiffs



FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUN 18 2010

A. Sanchez

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE

SHARON Y. SOSA, BARBARA BOUKATHER, ANITA CALVILLO, SHUWEN ZOU, LAWRENCE LIEN, EDMOND H. LEE, ROBERT CONRAD TROMMLER, ERMINIA SEDILLO, NATALIE HENDERSON, LISSETTE GONZALEZ, CHRISTOPHER S. ROSS, CHRISTINA PENG, ANTHONY R. WILLIAMS, PATRICK EARL STEWART, JENNIFER MARIE JIMENEZ, RYAN CHRISTPHER HOLTZ, ABBY IZURIETA, ALBERTO J. IZURIETA, EILEEN MCCRACKEN, MARGARET GARCIA MORENO, BARBARA R. POTTER, STEPHEN R. METZ II, VIELKA ALVARADO WIGGINS, BILL VANG, MELANIE L. BUFFINGTON, TODD S. BELL, ANKUR BAISHYA, DIANE O. SANTOS, IRINA BARBAROV, DENISE SCHULTZ, LINNET CONLEY, VADIM DANILIN, DEBORAH L. MARCOUX, HANAN O. HADDAD, ALOYSIUS CASANAS, ERNEST P. PAGE, MELISSA ESCOBAR, ALLISON VITUG, CURTIS C. GARRETT, RICHARD W. BARRERA, ROBERT ALLEN BURKE, ALEJANDRO RODRIGUEZ, CHRIS HOWELL, EDGAR ALFREDO ROSALES, SUSAN LESLIE PADFIELD, JOSE REYES MOLINA, EVERADO GODOY JR., TRACI SCHRAM, LYNNETTE SHAUL, LIZABETH MARIE HILL, DAN SHACKELFORD, BETH ANN SLOVAK, MARTIN S. GREENMAN, SAIDA G.

Case No.: RIC10011491

FIRST AMENDED COMPLAINT FOR:

(1)  Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2)  Violation of California Labor Code §§ 2800 and 2802 (Unpaid Business Expenses);
(3)  Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination);
(4)  Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment);
(5)  Violation of California Labor Code § 226(a) (Non-compliant Wage Statements); and
(6)  Violation of California Business & Professions Code §§ 17200, et seq.

Jury Trial Demanded

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

FIRST AMENDED COMPLAINT

AVALOS, KATRINA MARIE BARRY, ROBERT WESTON COLLINS, JULIE ANN DONALD, ESMERALDA ARRIZON, BRYAN JOHN GENER, PIYARESTH TANGCHAIDEE, DUSTIN M. HOLZHAUSEN, JOHN KELLY, EVELYN D. CHAVEZ, JAVIER TREVIZO, KRISTOFFER R. THOMPSON, ERICK SOSA, ROBERT CHIUPPI, WILLIAM GILBERT HERNANDEZ, DENINE FADELL, KEVEL NICHELLE AVILA, NATALIE DALIAH BARRANTES, DARREN WILLIAM MANSON, SUE E. LARGE, BONNIE LOIS PERRY, ROY WEST II, DEXTER MCLEAN, VICKY J. LOPEZ, GIUSEPPE F. VISCONTI, IRENE BETANCOURT, NATHANIEL ADAM PRICE, JOHN P. LANG, CHRISTOPHER R. CACAL, RICHARD M. FAUST, CATHERINE F. RANGEL, BRADLEY MARK BEAUDETTE, BRADFORD PAUL SANBORN, WILLIAM REED, BARBARA G. BRIGHT, CHAD JAMES MATTHEWS, DAUN MONROE, RAJ K. DITTA, HEATHER LEE PRESHA, HAROLD BROUGHTON, KATHLEEN LOUISE LEWIS, CYNTHIA C. YEE, BILL YING LI, WELDON R. HOWLETT, and DANIEL QUINTIN MCMORROW, all individuals,

Plaintiffs,

vs.

WELLS FARGO BANK, N.A., a Delaware corporation; and DOES 1 through 10, inclusive,

Defendants.

FIRST AMENDED COMPLAINT

1    Plaintiffs allege as follows:

2                          JURISDICTION AND VENUE

3        1.      The monetary damages and restitution sought by Plaintiffs exceed the minimal

4    jurisdiction limits of the Superior Court and will be established according to proof at trial.

5    The amount in controversy for each Plaintiff, including claims for compensatory damages and

6    pro rata share of attorneys' fees, is less than $75,000.  The amount in controversy is less than

7    $5,000,000 in the aggregate, including claims for compensatory damages and pro rata share of

8    attorneys' fees.

9        2.      This Court has jurisdiction over this action pursuant to the California

10   Constitution, Article VI, section 10, which grants the Superior Court "original jurisdiction in

11   all causes except those given by statute to other courts."  The statutes under which this action

12   is brought do not specify any other basis for jurisdiction.

13       3.      This Court has jurisdiction over all Defendants because, upon information and

14   belief, each party is either a citizen of California, has sufficient minimum contacts in

15   California, or otherwise intentionally avails itself of the California market so as to render the

16   exercise of jurisdiction over it by the California courts consistent with traditional notions of

17   fair play and substantial justice.

18       4.      Venue is proper in this Court because, upon information and belief, one or

19   more of the named Defendants reside, transact business, or have offices in this county and

20   some of the acts and omissions alleged herein took place in this county.

21                                THE PARTIES

22       5.      Plaintiffs are residents of the State of California.  Plaintiffs were employed by

23   the Defendant WELLS FARGO BANK, N.A., as Home Mortgage Consultants, Loan

24   Originators, Loan Officers, Mortgage Specialists, Loan Consultants, Mortgage Consultants,

25   Loan Processors, Reverse Mortgage Specialists, collectively referred to as ("HMCs").

26       6.      Defendant WELLS FARGO BANK, N.A. was and is, upon information and

27   belief, a business entity incorporated in Delaware and headquartered in San Francisco,

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

FIRST AMENDED COMPLAINT

California, and at all times hereinafter mentioned an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America. Defendant WELLS FARGO BANK, N.A. operates, as a separate division, an entity headquartered outside of the State of California which sells and originates home mortgages loans. Defendant WELLS FARGO BANK, N.A. employed Plaintiffs in the State of California as HMCs to originate and produce mortgage loans.

7.    Plaintiffs are unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 10, but pray for leave to amend and serve such fictitiously named Defendants once their names and capacities become known.

8.    Plaintiffs are informed and believe, and thereon allege, that DOES 1 through 10 are the partners, agents, owners, shareholders, managers or employees of WELLS FARGO BANK, N. A. and/or WELLS FARGO BANK, N. A. and were acting on behalf of WELLS FARGO BANK, N. A. and/or WELLS FARGO BANK, N. A. at all relevant times.

9.    Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, WELLS FARGO BANK, N. A. and/or WELLS FARGO BANK, N. A. and DOES 1 through 10 (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

10.    At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

11.    Plaintiffs are informed and believe, and thereon allege, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## STATEMENT OF FACTS

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    12.    At all relevant times set forth, Defendants employed Plaintiffs as commission

2    paid employees.

3    13.    Defendants have employed Plaintiffs, who began and ended employment on

4    different dates, as HMCs, which is a commission paid position, during the period from about

5    February 10, 2001 to the present, at Defendants' multiple locations throughout California.

6    14.    While employed as HMCs, Plaintiffs were engaged in originating, producing

7    and selling home loans.

8    15.    Defendants compensated Plaintiffs on a commission sales basis and did not

9    keep records of Plaintiffs' work hours or their activities.  Defendants paid Plaintiffs based on

10   the loans that actually closed and recorded.  Defendants never paid Plaintiffs any overtime or

11   premium pay despite the fact that the Plaintiff routinely worked in excess of eight (8) hours

12   per day and in excess of (40) hours per week.  Rather, Defendants classified Plaintiffs as

13   exempt from overtime compensation.

14   16.    Defendants continue to employ commission paid employees within California.

15                              **GENERAL ALLEGATIONS**

16   17.    Plaintiffs are informed and believe, and thereon allege that Defendants knew or

17   should have known that Plaintiffs were entitled to receive certain wages for overtime

18   compensation and that they were not receiving certain wages for overtime compensation.

19   Defendants misclassified Plaintiffs as employees exempt from overtime because they received

20   sales commissions.

21   18.    Plaintiffs are informed and believe, and thereon allege that Defendants knew or

22   should have known that Plaintiffs were entitled to receive all meal periods or payment of one

23   additional hour of pay at Plaintiffs' regular rate of pay when they did not receive a timely

24   uninterrupted meal period.

25   19.    Plaintiffs are informed and believe, and thereon allege that Defendants knew or

26   should have known that Plaintiffs were entitled to receive all rest periods or payment of one

27   additional hour of pay at Plaintiffs' regular rate of pay when a rest period was missed.

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

FIRST AMENDED COMPLAINT

20.     Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment, and that they did not receive full reimbursement of applicable business-related expenses and costs they incurred.

21.     Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to all commissions due to them, and that they did not receive all commissions due to them.

22.     Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to receive complete and accurate wage statements in accordance with California law and that they did not receive complete and accurate wage statements that included, among other things, total hours worked and all applicable hourly and overtime rates.

23.     Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiffs, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly and intentionally failed to do so, and falsely represented to Plaintiffs that they were properly denied wages, all in order to increase Defendants' profits.

24.     California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

### FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 510 and 1198

### (Against All Defendants)

25.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 24.

26.     California Labor Code section 1198 and the applicable Industrial Welfare

FIRST AMENDED COMPLAINT

INITIATIVE LEGAL GROUP APC

1    Commission ("IWC") Wage Order provide that it is unlawful to employ persons without

2    compensating them at a rate of pay either time-and-one-half or two-times that person's regular

3    rate of pay, depending on the number of hours worked by the person on a daily or weekly

4    basis.

5        27.    Specifically, the applicable IWC Wage Order provides that Defendants are and

6    were required to pay Plaintiffs employed by Defendants, and working more than eight (8)

7    hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half

8    for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a

9    workweek.

10       28.    The applicable IWC Wage Order further provides that Defendants are and were

11   required to pay Plaintiffs employed by Defendants, and working more than twelve (12) hours

12   in a day, overtime compensation at a rate of two times their regular rate of pay.

13       29.    California Labor Code section 510 codifies the right to overtime compensation

14   at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours

15   in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day

16   of work, and to overtime compensation at twice the regular hourly rate for hours worked in

17   excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day

18   of work.

19       30.    During the relevant time period, Plaintiffs consistently worked in excess of

20   eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40)

21   hours in a week.

22       31.    During the relevant time period, Defendants willfully failed to pay all overtime

23   wages owed to Plaintiffs. Plaintiffs were misclassified as exempt from overtime

24   compensation when they should have been paid overtime compensation for time worked in

25   excess of eight (8) hours per day and/or forty (40) hours per week.

26       32.    Defendants' failure to pay Plaintiffs the unpaid balance of overtime

27   compensation, as required by California laws, violates the provisions of California Labor

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Page 5
FIRST AMENDED COMPLAINT

1    Code sections 510 and 1198, and is therefore unlawful.

2        33.    Pursuant to California Labor Code section 1194, Plaintiffs are entitled to

3    recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

4                            **SECOND CAUSE OF ACTION**

5                   **Violation of California Labor Code §§ 2800 and 2802**

6                              **(Against All Defendants)**

7        34.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

8    material allegations set out in paragraphs 1 through 33.

9        35.    At all times herein set forth, California Labor Code sections 2800 and 2802

10   provide that an employer must reimburse employees for all necessary expenditures.

11       36.    Plaintiffs incurred necessary business-related expenses and costs that were not

12   fully reimbursed by Defendants, including and without limitation, gas, mileage, cell phone

13   expenses, and expenses for client meals, that resulted from their employment with Defendants.

14   Specifically, Defendants had, and continue to have, a policy and practice of requiring

15   employees, including Plaintiffs, to pay for said costs from their own funds.  Defendants had,

16   and continue to have, a policy of not reimbursing employees, including Plaintiffs, for said

17   business-related expenses and costs.

18       37.    Defendants have intentionally and willfully failed to fully reimburse Plaintiffs

19   for necessary business-related expenses and costs.

20       38.    Plaintiffs are entitled to recover from Defendants their business-related

21   expenses incurred during the course and scope of their employment, plus interest, pursuant to

22   California Labor Code sections 2800 and 2802.

23                            **THIRD CAUSE OF ACTION**

24                   **Violation of California Labor Code §§ 201 and 202**

25                              **(Against All Defendants)**

26       39.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

27   material allegations set out in paragraphs 1 through 38.

28

FIRST AMENDED COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

40.    At all times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

41.    During the relevant time period, Defendants willfully failed to pay Plaintiffs who are no longer employed by Defendants their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

42.    Defendants' failure to pay Plaintiffs who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

43.    California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

44.    Plaintiffs are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

### FOURTH CAUSE OF ACTION

#### Violation of California Labor Code § 204

#### (Against All Defendants)

45.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 44.

46.    At all times herein set forth, California Labor Code section 204 provides that

Page 7

FIRST AMENDED COMPLAINT

1  all wages earned by any person in any employment between the 1st and the 15th days,

2  inclusive, of any calendar month, other than those wages due upon termination of an

3  employee, are due and payable between the 16th and the 26th day of the month during which

4  the labor was performed.

5       47.    At all times herein set forth, California Labor Code section 204 provides that

6  all wages earned by any person in any employment between the 16th and the last day,

7  inclusive, of any calendar month, other than those wages due upon termination of an

8  employee, are due and payable between the 1st and the 10th day of the following month.

9       48.    At all times herein set forth, California Labor Code section 204 provides that

10 all wages earned for labor in excess of the normal work period shall be paid no later than the

11 payday for the next regular payroll period.

12      49.    During the relevant time period, Defendants willfully failed to pay Plaintiffs all

13 wages due to them, within any time period permissible by California Labor Code section 204.

14      50.    Plaintiffs are entitled to recover all remedies available for violations of

15 California Labor Code section 204.

16                 **FIFTH CAUSE OF ACTION**

17           **Violation of California Labor Code § 226(a)**

18               **(Against All Defendants)**

19      51.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

20 material allegations set out in paragraphs 1 through 50.

21      52.    At all material times set forth herein, California Labor Code section 226(a)

22 provides that every employer shall furnish each of his or her employees an accurate itemized

23 wage statement in writing showing nine pieces of information, including all applicable hourly

24 rates, and total hours worked, among other things.

25      53.    Defendants have intentionally and willfully failed to provide employees with

26 complete and accurate wage statements. The deficiencies include, among other things, the

27 failure to include the total number of hours worked by Plaintiffs and the failure to list all

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

FIRST AMENDED COMPLAINT

1  applicable hourly rates.

2       54.    As a result of Defendants' violation of California Labor Code section 226(a),

3  Plaintiffs have suffered injury and damage to their statutorily-protected rights.

4       55.    Specifically, Plaintiffs have been injured by Defendants' intentional violation

5  of California Labor Code section 226(a) because they were denied both their legal right to

6  receive, and their protected interest in receiving, accurate, itemized wage statements under

7  California Labor Code section 226(a).

8       56.    Plaintiffs are entitled to recover from Defendants the greater of their actual

9  damages caused by Defendants' failure to comply with California Labor Code section 226(a),

10  or an aggregate penalty not exceeding four thousand dollars per employee.

11       57.    Plaintiffs are also entitled to injunctive relief to ensure compliance with this

12  section, pursuant to California Labor Code section 226(g).

13                    **SIXTH CAUSE OF ACTION**

14      **Violation of California Business & Professions Code §§ 17200, et seq.**

15                    **(Against All Defendants)**

16       58.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

17  material allegations set out in paragraphs 1 through 57.

18       59.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

19  unlawful, and harmful to Plaintiffs and to the general public.  Plaintiffs seeks to enforce

20  important rights affecting the public interest within the meaning of Code of Civil Procedure

21  section 1021.5.

22       60.    Defendants' activities, as alleged herein, are violations of California law, and

23  constitute unlawful business acts and practices in violation of California Business &

24  Professions Code sections 17200, et seq.

25       61.    A violation of California Business & Professions Code sections 17200, et seq.

26  may be predicated on the violation of any state or federal law.  In this instant case,

27  Defendants' policies and practices of requiring Plaintiffs, to work overtime without paying

28

FIRST AMENDED COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    them proper compensation violates California Labor Code sections 510 and 1198.

2    Additionally, Defendants' policies and practices of requiring Plaintiffs to work through their

3    meal and rest periods without paying them proper compensation violate California Labor

4    Code sections 226.7 and 512(a). Defendants' policies and practices of not reimbursing its

5    employees, including Plaintiffs, for business-related expenses and costs violate California

6    Labor Code sections 2800 and 2802. Defendants' policies and practices of failing to timely

7    pay wages to Plaintiffs violate California Labor Code sections 201, 202 and 204.

8    Furthermore, Defendants' policies and practices of failing to pay overtime and minimum

9    wages violate Fair Labor Standards Act, 29 U.S.C. sections 206, 207.

10         62.      Plaintiffs have been personally injured by Defendants' unlawful business acts

11    and practices as alleged herein, including but not necessarily limited to the loss of money

12    and/or property.

13         63.      Pursuant to California Business & Professions Code sections 17200, et seq.,

14    Plaintiffs are entitled to restitution of the wages withheld and retained by Defendants during a

15    period from about February 10, 2001 to the present; a permanent injunction requiring

16    Defendants to pay all outstanding wages due to Plaintiffs; an award of attorneys' fees pursuant

17    to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award

18    of costs.

19    **REQUEST FOR JURY TRIAL**

20    Plaintiffs request a trial by jury.

21    **PRAYER FOR RELIEF**

22    Plaintiffs pray for relief and judgment against Defendants of less than $75,000 per

23    Plaintiff and less than $5,000,000 in the aggregate, jointly and severally, as follows:

24    **As to the First Cause of Action**

25         1.      That the Court declare, adjudge and decree that Defendants violated California

26    Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to

27    pay all overtime wages due to Plaintiffs;

28

FIRST AMENDED COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

2.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

3.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

4.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

5.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Second Cause of Action

6.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to pay all business-related expenses owed to Plaintiffs;

7.    For unpaid wages and such general and special damages as may be appropriate;

8.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

9.    For all actual, consequential and incidental losses and damages, according to proof; and

10.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Third Cause of Action

11.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202 and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiffs no longer employed by Defendants.

12.    For all actual, consequential and incidental losses and damages, according to proof;

13.    For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiffs who have left Defendants' employ;

Page 11

**FIRST AMENDED COMPLAINT**

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

14.     For pre-judgment interest on any unpaid wages from the date such amounts
were due; and

15.     For such other and further relief as the Court may deem equitable and
appropriate.

### As to the Fourth Cause of Action

16.     That the Court declare, adjudge and decree that Defendants violated California
Labor Code section 204 by willfully failing to pay all compensation owed at the time required
by California Labor Code section 204, to Plaintiffs;

17.     For all actual, consequential and incidental losses and damages, according to
proof;

18.     For pre-judgment interest on any untimely paid compensation, from the date
such amounts were due; and

19.     For such other and further relief as the Court may deem equitable and
appropriate.

### As to the Fifth Cause of Action

20.     That the Court declare, adjudge and decree that Defendants violated the record-
keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders
as to Plaintiffs, and willfully failed to provide accurate itemized wage statements thereto;

21.     For all actual, consequential and incidental losses and damages, according to
proof;

22.     For statutory penalties pursuant to California Labor Code section 226(e);

23.     For injunctive relief to ensure compliance with this section, pursuant to
California Labor Code section 226(g); and

24.     For such other and further relief as the Court may deem equitable and
appropriate.

### As to the Sixth Cause of Action

25.     That the Court declare, adjudge and decree that Defendants violated California

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

FIRST AMENDED COMPLAINT

1  Business and Professions Code sections 17200, et seq. by failing to provide Plaintiffs all

2  overtime compensation due to them, failing to provide all meal and rest periods to Plaintiffs,

3  failing to pay for all missed meal and rest periods to Plaintiffs, failing to reimburse Plaintiffs

4  for all business-related expenses, failing to pay at least minimum wages to Plaintiffs, and

5  failing to pay Plaintiffs' wages timely as required by California Labor Code sections 201, 202

6  and 204;

7        26.    For restitution of unpaid wages to Plaintiffs and prejudgment interest from the

8  day such amounts were due and payable;

9        27.    For the appointment of a receiver to receive, manage and distribute any and all

10  funds disgorged from Defendants and determined to have been wrongfully acquired by

11  Defendants as a result of violations of California Business & Professions Code sections 17200

12  et seq.;

13        28.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

14  California Code of Civil Procedure section 1021.5;

15        29.    For injunctive relief to ensure compliance with this section, pursuant to

16  California Business & Professions Code sections 17200, et seq.; and

17        30.    For such other and further relief as the Court may deem equitable and

18  appropriate.

19

20  Dated: June 18, 2010                 Respectfully submitted,

21                                       Initiative Legal Group APC

22

23                          By: _Liana Beneli_____
                                 Mónica Balderrama
24                               David Cheng
                                 Liana Beneli
25
                                 Attorneys for All Plaintiffs
26

27

28

FIRST AMENDED COMPLAINT

COPY

1  Mónica Balderrama (SBN 196424)
   MBalderrama@InitiativeLegal.com
2  David Cheng (SBN 240926)
   DCheng@@InitiativeLegal.com
3  Liana Beneli (SBN 256023)
   LBeneli@InitiativeLegal.com
4  Initiative Legal Group APC
   1800 Century Park East, 2nd Floor
5  Los Angeles, California 90067
   Telephone:    (310) 556-5637
6  Facsimile:    (310) 861-9051

7  Attorneys for All Plaintiffs

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF RIVERSIDE

10

11  SHARON Y. SOSA, BARBARA              Case No.: RIC10011491
    BOUKATHER, ANITA CALVILLO,
12  SHUWEN ZOU, LAWRENCE LIEN,           **ASSIGNED FOR ALL PURPOSES TO:**
    EDMOND H. LEE, ROBERT CONRAD         Hon. Mark E. Johnson
13  TROMMLER, ERMINIA SEDILLO, NATALIE
    HENDERSON, LISSETTE GONZALEZ,        **PROOF OF SERVICE OF SUMMONS**
14  CHRISTOPHER S. ROSS, CHRISTINA PENG, **AND COMPLAINT ON WELLS FARGO**
    ANTHONY R. WILLIAMS, PATRICK EARL    **BANK, N.A.**
15  STEWART, JENNIFER MARIE JIMENEZ,
    RYAN CHRISTPHER HOLTZ,  ABBY         Place:        Department 5
16  IZURIETA, ALBERTO J. IZURIETA, EILEEN
    MCCRACKEN, MARGARET GARCIA
17  MORENO, BARBARA R. POTTER,
    STEPHEN R. METZ II, VIELKA ALVARADO
18  WIGGINS, BILL VANG, MELANIE L.
    BUFFINGTON, TODD S. BELL, ANKUR
19  BAISHYA, DIANE O. SANTOS, IRINA
    BARBAROV, DENISE SCHULTZ, LINNET
20  CONLEY, VADIM DANILIN, DEBORAH L.
    MARCOUX, HANAN O. HADDAD,
21  ALOYSIUS CASANAS, ERNEST P. PAGE,
    MELISSA ESCOBAR, ALLISON VITUG,
22  CURTIS C. GARRETT, RICHARD W.
    BARRERA, ROBERT ALLEN BURKE,
23  ALEJANDRO RODRIGUEZ, CHRIS
    HOWELL, EDGAR ALFREDO ROSALES,
24  SUSAN LESLIE PADFIELD, JOSE REYES
    MOLINA, EVERADO GODOY JR., TRACI
25  SCHRAM, LYNNETTE SHAUL, LIZABETH
    MARIE HILL, DAN SHACKELFORD, BETH
26  ANN SLOVAK, MARTIN S. GREENMAN,
    SAIDA G. AVALOS, KATRINA MARIE
27  BARRY, ROBERT WESTON COLLINS,
    JULIE ANN DONALD, ESMERALDA
28  ARRIZON, BRYAN JOHN GENER,

1  PIYARESTH TANGCHAIDEE, DUSTIN M.
   HOLZHAUSEN, JOHN KELLY, EVELYN D.
2  CHAVEZ, JAVIER TREVIZO,
   KRISTOFFER R. THOMPSON, ERICK SOSA,
3  ROBERT CHIUPPI, WILLIAM GILBERT
   HERNANDEZ, DENINE FADELL, KEVEL
4  NICHELLE AVILA, NATALIE DALIAH
   BARRANTES, DARREN WILLIAM
5  MANSON, SUE E. LARGE, BONNIE LOIS
   PERRY, ROY WEST II, DEXTER MCLEAN,
6  VICKY J. LOPEZ, GIUSEPPE F. VISCONTI,
   IRENE BETANCOURT, NATHANIEL ADAM
7  PRICE, JOHN P. LANG, CHRISTOPHER R.
   CACAL, RICHARD M. FAUST,
8  CATHERINE F. RANGEL, BRADLEY MARK
   BEAUDETTE, BRADFORD PAUL
9  SANBORN, WILLIAM REED, BARBARA G.
   BRIGHT, CHAD JAMES MATTHEWS,
10 DAUN MONROE, RAJ K. DITTA, HEATHER
   LEE PRESHA, HAROLD BROUGHTON,
11 KATHLEEN LOUISE LEWIS, CYNTHIA C.
   YEE, BILL YING LI, WELDON R.
12 HOWLETT, and DANIEL QUINTIN
   MCMORROW, all individuals,
13

14        Plaintiffs,

15    vs.

16 WELLS FARGO BANK, N.A., a Delaware
   corporation; and DOES 1 through 10, inclusive,
17
          Defendants.
18

19

20

21

22

23

24

25

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  **TO THE HONORABLE COURT:**

2          Defendant Wells Fargo Bank, N.A. was personally served with the Summons, Initial

3  Complaint, Summons on First Amended Complaint, First Amended Complaint and

4  accompanying documents on June 25, 2010 by effectuating service on its agent for service of

5  process.

6          Attached as Exhibit A is a true and correct copy of the Proof of Service on defendant

7  Wells Fargo Bank, N.A.

8

9  Dated: July 7, 2010                          Respectfully submitted,

10                                               Initiative Legal Group APC

11

12                                       By: _Liana Beneli_____

13                                               Mónica Balderrama
                                                 David Cheng
14                                               Liana Beneli

15                                               Attorneys for All Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON WELLS FARGO BANK, N.A.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

# EXHIBIT A

| Attorney or Party without Attorney:<br>INITIATIVE LEGAL GROUP<br>1800 CENTURY PARK EAST<br>2ND FLOOR<br>LOS ANGELES, CA 90067<br>Telephone No: 310-556-5637    FAX No: 310-861-9051 | For Court Use Only |
|---|---|
| Attorney for: Plaintiff | Ref. No. or File No.:<br>WELLS FARGO MASS LIT.-RVALT |
| Insert name of Court, and Judicial District and Branch Court:<br>RIVERSIDE SUPERIOR COURT - CENTRAL | |
| Plaintiff: SHARON Y SOSA, et al.<br>Defendant: WELLS FARGO BANK, N.A. | |

| PROOF OF SERVICE<br>SUMMONS & COMPLAINT | Hearing Date: | Time: | Dept/Div: | Case Number:<br>RIC10011491 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the SUMMONS & COMPLAINT; NOTICE OF ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES AND CASE MANAGEMENT CONFERENCE (CRC 3.722); CIVIL CASE COVER SHEET; CERTIFICATE OF COUNSEL; CIVIL CASE COVER SHEET; CERTIFICATE OF COUNSEL; FIRST AMENDED COMPLAINT; SUMMONS

3.  *a. Party served:*      WELLS FARGO BANK, N.A., A DELAWARE CORPORATION
    *b. Person served:*     BECKY DEGEORGE, AGENT FOR SERVICE OF PROCESS

4.  *Address where the party was served:*     CSC LAWYERS INCORPORATED
    2730 GATEWAY OAKS DRIVE
    SUITE 100
    SACRAMENTO, CA 95833

5.  *I served the party:*
    a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Fri., Jun. 25, 2010 (2) at: 10:25AM

6.  *The "Notice to the Person Served" (on the Summons) was completed as follows:*
    on behalf of: WELLS FARGO BANK, N.A., A DELAWARE CORPORATION
    Under CCP 416.10 (corporation)

7.  *Person Who Served Papers:*        Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. CRAIG LAWSON          d. *The Fee for Service was:*
    b. ProLegal                e. I am: (3) registered California process server
    1706 S. Figueroa Street            *(i)* Owner
    LOS ANGELES, CA 90015        *(ii) Registration No.:*    2002-59
    c. (213) 481-8100, FAX (213) 763-8440    *(iii) County:*        Sacramento

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date: Tue, Jun. 29, 2010

Judicial Council Form POS-010          PROOF OF SERVICE            (CRAIG LAWSON)    3662414.01.trile.39017
Rule 2.150.(a)&(b) Rev January 1, 2007       SUMMONS & COMPLAINT

1

**PROOF OF SERVICE**

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3         I am employed in the County of Los Angeles. I declare that I am over the age of eighteen
4    (18) and not a party to this action. My business address is: Initiative Legal Group APC, 1800
     Century Park East, Second Floor, Los Angeles, California 90067.

5
         On July 7, 2010, I served the within document(s) described below as:
6

7    **PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON WELLS FARGO BANK,
     N.A.**

8
     on the interested parties in this action by placing true copies thereon enclosed in sealed envelopes
9    addressed as follows:

10
         Lindbergh Porter, Jr.
11       Littler Mendelson, P.C.
         650 California Street, 20th Floor
12       San Francisco, California 94108-2693

13   (X)    **MAIL:** I deposited such envelope in the mail at Los Angeles, California. The envelopes
            were mailed with postage thereon fully prepaid.
14   ( )    **PERSONAL:** I caused such envelope to be delivered by hand to the individuals at the
            address listed above.
15   ( )    **OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered
16          via overnight courier service (FedEx) to the individuals at the address listed above.
     ( )    **FACSIMILE:** I caused the above-referenced document(s) to be transmitted to the above-
17          named person at the telephone numbers above.
18   (X)    **(STATE)** I declare under penalty of perjury under the laws of the State of California that
            the above is true and correct.
19
         **EXECUTED** this document on July 7, 2010, at Los Angeles, California.
20

21

22                                                    _S. Petkov_____
                                                      Sandra Petkov
23

24

25

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

PROOF OF SERVICE



**CORPORATION SERVICE COMPANY·**

# Notice of Service of Process

null / ALL
**Transmittal Number: 7771267**
**Date Processed: 06/25/2010**

| | |
|---|---|
| **Primary Contact:** | Diana Benda - WFB<br>Wells Fargo, Inc.<br>800 Walnut Street<br>Des Moines, IA 50309 |

| | |
|---|---|
| **Entity:** | Wells Fargo Bank, National Association<br>Entity ID Number  2013649 |
| **Entity Served:** | Wells Fargo Bank, N.A. |
| **Title of Action:** | Sharon Y Sosa vs. Wells Fargo Bank, N.A. |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Labor / Employment |
| **Court:** | Riverside County Superior Court, California |
| **Case Number:** | RIC10011491 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 06/25/2010 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Liana Beneli<br>310-556-5637 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Sharon Y. Sosa, et al., all individuals | Wells Fargo Bank, N.A., a Delaware corporation |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Monica Balderrama; David Cheng; Liana Beneli | Lindbergh Porter, Jr.; Richard H. Rahm; Alison S. Hightower |
| Initiative Legal Group APC | Littler Mendelson, PC |
| 1800 Century Park East, 2nd Floor | 650 California Street, 20th Floor |
| Los Angeles, CA  90067 | San Francisco, CA  94108-2693 |
| Telephone: (310) 556-5637 | Telephone: (415) 433-1940 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** 0.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violations of Fair Labor Standards Act 29 U.S.C. Secs. 206 & 207

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☒ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 861 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

| FOR OFFICE USE ONLY: | Case Number: | EDCV10-1098 VAP(EX) |
|---|---|---|

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County<br>Los Angeles County<br>Orange County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All counties | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County<br>Los Angeles County<br>Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Lindbergh Porter, Jr._    Date July 26, 2010
Lindbergh Porter, Jr. *ASH*

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.<br>www.FormsWorkflow.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## EDCV10- 1098 VAP (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [X] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY