Mónica Balderrama (SBN 196424)
MBalderrama@InitiativeLegal.com
David Cheng (SBN 240926)
DCheng@InitiativeLegal.com
Liana Beneli (SBN 256023)
LBeneli@InitiativeLegal.com
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051

Attorneys for All Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON Y. SOSA, BARBARA BOUKATHER, ANITA CALVILLO, SHUWEN ZOU, LAWRENCE LIEN, EDMOND H. LEE, ROBERT CONRAD TROMMLER, ERMINIA SEDILLO, NATALIE HENDERSON, LISSETTE GONZALEZ, CHRISTOPHER S. ROSS, CHRISTINA PENG, ANTHONY R. WILLIAMS, PATRICK EARL STEWART, JENNIFER MARIE JIMENEZ, RYAN CHRISTPHER HOLTZ, ABBY IZURIETA, ALBERTO J. IZURIETA, EILEEN MCCRACKEN, MARGARET GARCIA MORENO, BARBARA R. POTTER, STEPHEN R. METZ II, VIELKA ALVARADO WIGGINS, BILL VANG, MELANIE L. BUFFINGTON, TODD S. BELL, ANKUR BAISHYA, DIANE O. SANTOS, IRINA BARBAROV, DENISE SCHULTZ, LINNET CONLEY, VADIM DANILIN, DEBORAH L. MARCOUX, HANAN O. HADDAD, ALOYSIUS CASANAS, ERNEST P. PAGE, MELISSA ESCOBAR, ALLISON VITUG, CURTIS C. GARRETT, RICHARD W. BARRERA, ROBERT ALLEN BURKE, ALEJANDRO RODRIGUEZ, CHRIS HOWELL, EDGAR ALFREDO ROSALES, SUSAN | Case No.: EDCV10-1098 DSF (OPx)<br><br>Hon. Dale S. Fischer<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: August 30, 2010<br>Time: 1:30 p.m.<br>Place: Courtroom 840<br><br>Complaint Filed: June 9, 2010<br><br>Action Removed: July 26, 2010 |

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

| | |
|---|---|
| 1 | LESLIE PADFIELD, JOSE REYES MOLINA, EVERADO GODOY JR., |
| 2 | TRACI SCHRAM, LYNNETTE SHAUL, LIZABETH MARIE HILL, |
| 3 | DAN SHACKELFORD, BETH ANN SLOVAK, MARTIN S. |
| 4 | GREENMAN, SAIDA G. AVALOS, KATRINA MARIE BARRY, |
| 5 | ROBERT WESTON COLLINS, JULIE ANN DONALD, |
| 6 | ESMERALDA ARRIZON, BRYAN JOHN GENER, PIYARESTH |
| 7 | TANGCHAIDEE, DUSTIN M. HOLZHAUSEN, JOHN KELLY, |
| 8 | EVELYN D. CHAVEZ, JAVIER TREVIZO, KRISTOFFER R. |
| 9 | THOMPSON, ERICK SOSA, ROBERT CHIUPPI, WILLIAM |
| 10 | GILBERT HERNANDEZ, DENINE FADELL, KEVEL NICHELLE |
| 11 | AVILA, NATALIE DALIAH BARRANTES, DARREN WILLIAM |
| 12 | MANSON, SUE E. LARGE, BONNIE LOIS PERRY, ROY WEST |
| 13 | II, DEXTER MCLEAN, VICKY J. LOPEZ, GIUSEPPE F. VISCONTI, |
| 14 | IRENE BETANCOURT, NATHANIEL ADAM PRICE, JOHN |
| 15 | P. LANG, CHRISTOPHER R. CACAL, RICHARD M. FAUST, |
| 16 | CATHERINE F. RANGEL, BRADLEY MARK BEAUDETTE, |
| 17 | BRADFORD PAUL SANBORN, WILLIAM REED, BARBARA G. |
| 18 | BRIGHT, CHAD JAMES MATTHEWS, DAUN MONROE, |
| 19 | RAJ K. DITTA, HEATHER LEE PRESHA, HAROLD BROUGHTON, |
| 20 | KATHLEEN LOUISE LEWIS, CYNTHIA C. YEE, BILL YING LI, |
| 21 | WELDON R. HOWLETT, and DANIEL QUINTIN MCMORROW, |
| 22 | all individuals, |
| 23 | Plaintiffs, |
| 24 | vs. |
| 25 | WELLS FARGO BANK, N.A., a Delaware corporation; and DOES 1 |
| 26 | through 10, inclusive, |
| 27 | Defendants. |
| 28 | |

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF P'S AND A'S IN SUPPORT THEREOF

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 30, 2010 at 1:30 p.m., or as soon thereafter as the matter can be heard, in Courtroom 840 of the United States District Court, located at 255 E. Temple St., Los Angeles, CA 90012, Plaintiffs Sosa, et al. will move and hereby do move this Court for an order remanding this action to the Superior Court for the County of Riverside. This motion will be based on this notice; the accompanying memorandum of points and authorities; the complete files and records in this action; such supplemental memoranda of points and authorities which may subsequently be filed; as well as any oral or documentary evidence presented at the hearing of this motion.

Dated: August 2, 2010

Respectfully submitted,

Initiative Legal Group APC


By: s/ Liana Beneli
Mónica Balderrama
David Cheng
Liana Beneli

Attorneys for All Plaintiffs

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................ 1

II. FACTS AND PROCEDURE ............................................................... 2

III. ARGUMENT ........................................................................................ 3

    A. The Ninth Circuit Applies A Strong Presumption Against Removal And All Inferences Are Drawn In Favor Of Remand ................................................................... 3

    B. Plaintiffs' Complaint Does Not Allege A Cause Of Action That Warrants This Court's Exercise Of Federal Subject Matter Jurisdiction ........................................ 4

    C. Defendant's Notice of Removal Does Not Explain How Removal Is Warranted When A Complaint Pleads Independent State Law Violations As A Predicate For A Violation of California Business And Professions Code Section 17200 ................................... 6

    D. If This Case Is Removed, This Court Will Be Forced To Exercise Supplemental Jurisdiction Over Plaintiffs' Causes Of Actions That Allege Violations Of California Law Because The Numerous State Claims Form Part Of The Same Case Or Controversy As The Section 17200 Claim ............................................... 9

IV. CONCLUSION .................................................................................. 11

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Abrego v. The Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006) ............................ 3

*Boggs v. Lewis*, 863 F.2d 662 (9th Cir. 1988) .................................................... 3

*Brennan v. Southwest Airlines*, 134 F.3d 1405 (9th Cir. 2004) .......................... 6

*Duncan v. Stuetzle*, 76 F.3d 1480 (9th Cir. 1996) ............................................... 7

*Ethridge v. Harbor House Rest.*, 861 F.2d 1389 (9th Cir. 1988) ........................ 3

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463
   U.S. 1 (1983), *superseded on other grounds* by 28 U.S.C.
   1441(e) ............................................................................................................ 4, 5

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) ............................................... 3

*Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir.
   2005) ................................................................................................................ 3, 4

*Hawkins v. Fed. Express Corp.*, No. 1:09-cv-1905 AWI, 2010
   U.S. Dist. LEXIS 12944 (E.D. Cal. Feb. 16, 2010) ........................................ 3

*Libbhart v. Santa Monica Diary Co.*, 592 F.2d 1062 (9th Cir.
   1979) ................................................................................................................ 3

*Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033 (9th
   Cir. 2003) ........................................................................................................ 4, 5

*Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089
   (9th Cir. 2003) ................................................................................................. 4

*National Credit Reporting Assn v. Experian Information
   Solutions*, 2004 U.S. Dist. LEXIS 17303 (N.D. Cal., July 21,
   2004) ................................................................................................................ 6, 8

*Pac. Mar. Ass'n v. Mead*, 246 F. Supp. 2d 1087 (N.D. Cal.
   2003) ................................................................................................................ 3

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF P'S AND A'S IN SUPPORT THEREOF

1 | *Paz v. Playtex Prods.*, 2008 U.S. Dist. LEXIS 1829 (S.D. Cal.
2 |     Jan. 10, 2008).................................................................................................. 4
3 | *People ex rel. Lockyer v. Dynegy Power Marketing*, 375 F.3d
4 |     831 (9th Cir. 2004)...................................................................................... 6, 7
5 | *Rains v. Criterion Sys.*, 80 F.3d 339 (9th Cir. 1996) ............................................ 5
6 | *Roskind v. Morgan Stanley Dean Witter & Co.*, 165 F. Supp.
7 |     2d 1059 (N.D. Cal. 2001)................................................................................ 5
8 | *Syngenta Crop Protection, Inc., et al. v. Henson*, 537 U.S. 28
9 |     (2002)............................................................................................................. 3
10 | *Taiwan Semiconductor Manufacturing Company, LTD, et al.*
11 |     *v. Semiconductor Manufacturing International Corporation*,
12 |     2004 U.S. Dist. LEXIS 29717.................................................................... 5, 10
13 | *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815 (9th
14 |     Cir. 1985)....................................................................................................... 3
15 | *Taylor v. Anderson*, 234 U.S. 74, 58 L. Ed. 1218, 34 S. Ct. 724
16 |     (1914)............................................................................................................. 5
17 | *Wiley v. Trendwest Resorts, Inc.*, 2005 U.S. Dist. Lexis 35568
18 |     (N.D. Cal., May 3, 2005) ............................................................................ 8, 9

**FEDERAL STATUTES**
21 | 28 U.S.C. § 1331 .................................................................................................. 1
22 | 28 U.S.C. § 1337(a)............................................................................................... 1
23 | 28 U.S.C. § 1367 .................................................................................................. 1
24 | 28 U.S.C. § 1367(a)............................................................................................. 10
25 | 28 U.S.C. § 1367(c)............................................................................................. 10
26 | 28 U.S.C. § 1441 .................................................................................................. 1
27 | 26 U.S.C.S. § 7422(a) .......................................................................................... 6
28 | Fair Labor Standards Act (FLSA) ............................................................. *passim*

Economic Espionage Act .................................................................................... 6

Natural Gas Act .................................................................................................. 7

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 .................................................................. *passim*

Cal. Lab. Code § 201 .............................................................................. 2, 5, 8, 9

Cal. Lab. Code § 202 .............................................................................. 2, 5, 8, 9

Cal. Lab. Code § 204 .............................................................................. 2, 5, 8, 9

Cal. Lab. Code § 226(a) ...................................................................................... 2

Cal. Lab. Code § 226.7 ................................................................................ 5, 8, 9

Cal. Lab. Code § 510 ................................................................................. *passim*

Cal. Lab. Code § 512(a) .............................................................................. 5, 8, 9

Cal. Lab. Code § 1198 ............................................................................ 2, 5, 8, 9

Cal. Lab. Code § 1367(a) .................................................................................... 9

Cal. Lab. Code § 2800 ............................................................................ 2, 5, 8, 9

Cal. Lab. Code § 2802 ............................................................................ 2, 5, 8, 9

## I. INTRODUCTION

Plaintiffs respectfully submit this motion to remand this action to the Superior Court for the County of Riverside. Defendant—having removed this action based solely on federal question jurisdiction—must provide sufficient evidence to overcome the well-established strong presumption against removal.

The law is clear that unless a cause of action under California Business and Professions Code Sections 17200, et seq. depends on a violation of federal law, merely alleging a federal law violation along with other state law violations is insufficient to invoke federal subject matter jurisdiction. The single reference to a violation of the Fair Labor Standards Act ("FLSA") in Plaintiffs' Section 17200 cause of action is insufficient to invoke federal subject matter jurisdiction because the Section 17200 cause of action is predicated on multiple other violations of California law referenced in the same section. Defendant points to nothing else that could support federal jurisdiction here. Thus, Defendant has failed to carry its burden necessary to invoke federal subject matter jurisdiction.

Defendant's notice of removal fails to address the main issue presented, that federal removal jurisdiction is to be narrowly construed within the four corners of a pleading, and that courts do not permit removal of a Section 17200 claim, even under the "artful pleading" doctrine, unless it necessarily depends on federal law and is not supported by any state law theories. Because Defendant has not established federal subject matter jurisdiction according to 28 U.S.C. §§ 1331, 1337(a), 1367 and 1441, the action must be remanded to the Superior Court for the County of Riverside where the action was originally filed. Accordingly, Plaintiffs respectfully request that this motion be granted. Plaintiffs further request that the Court order payment of just costs and attorneys fees incurred in making this motion, because the question of lack of federal

1 jurisdiction is not close.[1]

2 ## II.   FACTS AND PROCEDURE

Defendant employed Plaintiffs as Home Mortgage Consultants, Loan Originators, Loan Officers, Mortgage Specialists, Loan Consultants, Mortgage Consultants, Loan Processors, Reverse Mortgage Specialists, collectively referred to as ("HMCs"), which are commissions-based positions at Defendant various branches located within California.  Plaintiffs worked for Defendant from about February 10, 2001 to the present.  (*See* First Amended Complaint ["FAC"], 1:22-25, 3:3-5.)

On June 9, 2010, Plaintiffs filed an action in the Superior Court for the County of Riverside against Defendant.  On June 18, 2010, Plaintiffs filed the operative FAC which alleges the following causes of action:  (1) Violation of California Labor Code Sections 510 and 1198 (Unpaid Overtime); (2) Violation of California Labor Code Sections 2800 and 2802 (Unpaid Business Expenses); (3) Violation of California Labor Code Sections 201 and 202 (Wages Not Timely Paid Upon Termination); (4) Violation of California Labor Code Section 204 (Wages Not Timely Paid During Employment); (5) Violation of California Labor Code Section 226(a) (Non-compliant Wage Statements); and (6) Violation of California Business & Professions Code Sections 17200, et seq.  (*See generally* FAC.)

On July 26, 2010, Defendant removed this case to U.S. District Court for the Central District of California based solely on federal question jurisdiction.  (Docket Entry No. 1.)

---

[1] This motion is made following the conference of counsel pursuant to Local Rule 7-3 on July 7, 2010, concerning Defendant's letter of June 18, 2010, stating Defendant's intention to remove all actions concerning HMCs, including this action.

## III. ARGUMENT

### A. The Ninth Circuit Applies A Strong Presumption Against Removal And All Inferences Are Drawn In Favor Of Remand

"The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)), *see also Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985); *see also Hawkins v. Fed. Express Corp.*, No. 1:09-cv-1905 AWI, 2010 U.S. Dist. LEXIS 12944 at *14 (E.D. Cal. Feb. 16, 2010) ("[t]he Court recognizes that the removal statute should be strictly construed in favor of remand and against removal.")  This strong presumption is "to protect the jurisdiction of state courts." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005); *see also Syngenta Crop Protection, Inc., et al. v. Henson*, 537 U.S. 28, 32 (2002); *see also Ethridge v. Harbor House Restaurant*, *et al.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).  In determining whether the Defendant has met its burden, all inferences are to be drawn against Defendant and in favor of remand.  "Disputed questions of fact and ambiguities in the controlling law must be resolved in favor of the remanding party." *Pac. Mar. Ass'n v. Mead*, 246 F. Supp. 2d 1087, 1089 (N.D. Cal. 2003) (citing *Gaus*, 980 F.2d at 566).  Moreover, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of the removal in the first instance" since lack of federal jurisdiction would make litigating the disputed matter in federal court a futile effort. *Gaus*, 980 F.2d at 566 (citing *Libbhart v. Santa Monica Diary Co.*, 592 F.2d 1062, 1067 (9th Cir. 1979)); *see*

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF P'S AND A'S IN SUPPORT THEREOF

*also Paz v. Playtex Prods.*, 2008 U.S. Dist. LEXIS 1829 at * 5 (S.D. Cal. Jan. 10, 2008) and *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Any doubts regarding removal jurisdiction are construed against Defendant and in favor of remanding the case to state court").

### B. Plaintiffs' Complaint Does Not Allege A Cause Of Action That Warrants This Court's Exercise Of Federal Subject Matter Jurisdiction

Under the well-pleaded complaint rule, federal question jurisdiction exists if, and only if, the face of plaintiff's complaint contains allegations which indicate that the plaintiff's claims "arise under" federal law. *See*, *e.g.*, *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1039-40 (9th Cir. 2003). Claims "arise under" federal law if (1) federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends upon resolution of a substantial question of federal law. *See*, *e.g.*, *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27, 28 (1983), *superseded on other grounds* by 28 U.S.C. § 1441(e) (overruling judicial doctrine of derivative jurisdiction). As explained in *Lippitt*, *supra*, 340 F.3d at 1039, the "well-pleaded complaint rule" confines the jurisdictional analysis to the face of the complaint.[2] Defendant's potential defenses may not be considered in the analysis. *Lippitt* quoted the Supreme Court as follows:

> Whether a case is one arising under the Constitution or a law or treaty of the United States . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, *unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant might interpose*.

*Lippitt*, 340 F.3d at 1040, quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76, 58 L.

---

[2] This rule is not unique to federal question jurisdiction. The same requirement exists for removal in diversity cases under *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692-693 (9th Cir. 2005).

Ed. 1218, 34 S. Ct. 724 (1914) (emphasis added).  Federal law creates a cause of action when "a substantial, disputed question of federal law is a necessary element to the claim." *Id.* at 13.  But the mere presence of some federal question in a state claim does not automatically confer federal jurisdiction.  *Lippitt*, 340 F.3d at 1040.

Plaintiffs' complaint does not allege a cause of action that depends on violation of federal law.  While the Sixth Cause of action ("Violation of California Business & Professions Code Sections 17200, et seq.") does allege a violation of sections 206 and 207 of the FLSA, it is not predicated on a violation of federal law because it also alleges violations of numerous sections of the California Labor Code such as sections 510, 1198, 226.7, 512(a), 201, 202, 204, 2800 and 2802.

The law is clear that a California Business and Professions Code Sections 17200, et seq. cause of action does not depend on violation of federal law where it alleges a federal law violation with other state law violations, and such a claim does not invoke federal subject matter jurisdiction.  *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1043 (9th Cir. 2003) (finding plaintiff's allegations to be sufficient to sustain the elements of his Section 17200 claim without resort to federal law); *Rains v. Criterion Sys.*, 80 F.3d 339, 346 (9th Cir. 1996) (finding that if a plaintiff can support his claim with "alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach"); *Roskind v. Morgan Stanley Dean Witter & Co.*, 165 F. Supp. 2d 1059, 1067 (N.D. Cal. 2001) (finding that because the unlawful prong of plaintiff's Section 17200 claim could be satisfied by either state or federal law, remand was proper); *Taiwan Semiconductor Manufacturing Company, LTD, et al. v. Semiconductor Manufacturing International Corporation*, 2004 U.S. Dist. LEXIS 29717, at * 16 (N.D. Cal., April 21, 2004) (finding that although

1  plaintiffs alleged, as part of their Section 17200 claim, that defendant conspired
2  to misappropriate trade secrets in violation of the Federal Economic Espionage
3  Act of 1996, this allegation did not transform the Section 17200 claim into a
4  federal cause of action).

### C. Defendant's Notice of Removal Does Not Explain How Removal Is Warranted When A Complaint Pleads Independent State Law Violations As A Predicate For A Violation of California Business And Professions Code Section 17200

Defendant cites *Brennan v. Southwest Airlines*, 134 F.3d 1405, 1409 (9th Cir. 2004), *People ex rel. Lockyer v. Dynegy Power Marketing*, 375 F.3d 831, 838 (9th Cir. 2004), and *National Credit Reporting Assn v. Experian Information Solutions*, 2004 U.S. Dist. LEXIS 17303, at *10 (N.D. Cal., July 21, 2004). Defendant cites these cases for the proposition that both the "Ninth Circuit and several district courts have recognized that a federal court should exercise federal jurisdiction over a section 17200 claim that is based upon an alleged violation of federal law that requires interpretation of that federal law." See Def's notice of removal at 3:1-4. None of these cases supports the exercise of federal jurisdiction here. In *Brennan*, *supra*, the court found that the express language of 26 U.S.C.S. § 7422(a) established that plaintiff had filed a tax refund suit. *Brennan,* 134 F.3d at 1409. Since it was well-established that the applicable federal law, the Internal Revenue Code, provided the exclusive remedy in tax refund suits and thus preempted state-law claims that seek tax refunds, the court found that federal subject matter jurisdiction existed. *Id.* There is no such exclusive remedy for wage and hour lawsuits. On the contrary, California Labor Code provides various kinds of remedies for wage and hour violations that are different from and *not* inconsistent with those provided by the FLSA. There is, in short, no pre-emption of the wage and hour field by federal law.

Similarly, in *People ex rel. Lockyer*, *supra*, in asserting federal subject

1  matter jurisdiction, the federal court found that the complaint presented no
2  independent state law claim and that it was simply an action to enforce federal
3  tariffs. *People ex rel. Lockyer,* 375 F.3d at 840. As in *Brennan*, the federal court
4  in *People ex rel. Lockyer* took jurisdiction because federal law, the Natural Gas
5  Act, *preempted* state law because plaintiffs alleged a claim to enforce an
6  obligation that fell within the exclusive jurisdiction of the federal law.

7  In its ruling, *People ex rel. Lockyer* actually cites to *Duncan v. Stuetzle*, 76
8  F.3d 1480, 1486 (9th Cir. 1996), where the court held that "[i]f single state-law
9  based theory of relief can be offered for each of the three causes of action in the
10 complaint, then the exercise of removal jurisdiction was improper." *Id.* at 841.
11 Here, every one of the six causes of action in Plaintiffs' complaint seeks relief
12 based on state law theories, and the face of the complaint does not require
13 resolution of a federal law question.

14 Defendant failed to mention in their notice of removal that in fact, these
15 three cases, supra, emphasize that to invoke federal subject matter jurisdiction, a
16 Section 17200 claim must **rest, be predicated on, and turn entirely upon an**
17 **interpretation of federal law**, which is clearly not the case with Plaintiffs'
18 California state complaint. *People ex rel. Lockyer v. Dynegy Power Marketing*,
19 375 F.3d at 841 (holding that the relief plaintiff was seeking was predicated on a
20 subject matter committed exclusively to federal jurisdiction and turned, entirely,
21 upon the defendant's compliance with a federal regulation); *National Credit*
22 *Reporting Assn v. Experian Information Solutions*, 2004 U.S. Dist. LEXIS
23 17303, at *11 (recognizing that the Ninth Circuit has consistently upheld
24 removal where the state-law claim was predicated upon federal law); *Brennan v.*
25 *Southwest Airlines Co.*, 134 F.3d at 1409 (holding that plaintiff's Section 17200
26 claim was inherently federal because it sought refund of tax governed
27 exclusively by federal law). The Section 17200 claim here rests, is predicated
28 on, and turns almost entirely on the interpretation of California state law, despite

1  the additional reference to violations of sections 206 and 207 of the FLSA.
2  Plaintiffs' reference to FLSA violations in the Sixth Cause of Action alleging a
3  Section 17200 violation, piggybacks on the violations of numerous sections of
4  the California Labor Code such as 510, 1198, 226.7, 512(a), 201, 202, 204, 2800
5  and 2802, which are the primary source of liability for that cause of action.

6      Defendant also cites *National Credit Reporting Assn.*, 2004 U.S. Dist.
7  LEXIS 17303 (N.D. Cal., July 21, 2004), *Cel-Tech Communications, Inc. v. Los
8  Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999), and *Wiley v.
9  Trendwest Resorts, Inc.*, 2005 U.S. Dist. Lexis 35568 (N.D. Cal., May 3, 2005),
10  for the proposition that federal court has subject matter jurisdiction because
11  Plaintiffs alleged "a UCL claim, based upon " unlawful" conduct that "violates
12  state and federal antitrust laws." *See* Def's notice of removal at 3:11-15.
13  However, none of these cases are on point because the plaintiffs in these three
14  cases alleged only federal law violations as the bases for Section 17200 claims.
15  As Defendant correctly quotes in its own opposition, *National Credit Reporting
16  Assn.* (citing *Cel-Tech Communications, Inc.*) emphasized that "plaintiff's claim
17  for unlawful business practices necessarily rests on questions of federal antitrust
18  law"—a finding that cannot be made here. *National Credit Reporting Assn*,
19  2004 U.S. Dist. LEXIS 17303, at *8-9.  In contrast, the Plaintiffs' Section 17200
20  claim here does not necessarily rest on questions of federal law, but rather is
21  predicated on multiple violations of California state law.

22      Finally, Defendant cites to *Wiley v. Trendwest Resorts, Inc.*, 2005 U.S.
23  Dist. Lexis 35568 (N.D. Cal., May 3, 2005), for the proposition that removal is
24  proper in an action seeking restitution of overtime under Section 17200 where a
25  violation of the FLSA was the "unlawful act" borrowed for purposes of the
26  Section 17200 claim.  *See* Def's notice of removal at 4:1-4.  In *Wiley*, however,
27  the cause of action for violation of Section 17200 was based entirely on a
28  violation of § 207 of the FLSA.  *Id.* at *2.  The plaintiffs in *Wiley* did not allege a

single state law violation as a predicate for a Section 17200 claim. *Id.*

Thus, none of Defendant's authorities justify finding federal subject matter jurisdiction here, where a complaint pleads violations of sections 510, 1198, 226.7, 512(a), 201, 202, 204, 2800 and 2802 of the California Labor Code as a predicate for a Section 17200 UCL claim. Therefore, Defendant's argument that "Plaintiffs' UCL claim necessarily rests on questions of federal wage and hour law that must be resolved to determine whether they are entitled to restitution of overtime to prevail in their Section 17200 claim" (*See* Def's notice of removal at 4:19-21) is without merit because it deliberately ignores the allegations in the Sixth Cause of Action of the Plaintiffs' complaint where they allege violations of multiple sections of the California Labor Code.

**D. If This Case Is Removed, This Court Will Be Forced To Exercise Supplemental Jurisdiction Over Plaintiffs' Causes Of Actions That Allege Violations Of California Law Because The Numerous State Claims Form Part Of The Same Case Or Controversy As The Section 17200 Claim**

Title 28 of the United States Code § 1367(a) requires a district court to exercise supplemental jurisdiction over state law claims that form part of the same case or controversy as the federal claim that is the basis for removal. Here, Plaintiffs allege in distinct causes of action that Defendant's labor practices violated sections 510, 1198, 226.7, 512(a), 201, 202, 204, 2800 and 2802 of the California Labor Code. Plaintiffs also allege that violations of these California Labor Code sections constitute unfair business practices and violate Section 17200 of the Business and Professions Code. The claim that Defendant violated sections 206 and 207 of the FLSA is found only in the Section 17200 cause of action and the weight of that claim, as well as the whole case itself, rests on the violations of California Labor Code sections 510, 1198, 226.7, 512(a), 201, 202, 204, 2800 and 2802. Therefore, if the remand is not granted, this Court will be

1  forced to exercise jurisdiction over numerous claims of violations of California
2  state law.  In the older terminology of "pendent jurisdiction," if this case is kept
3  in federal court, it would be hanging by a very thin thread.
4        A federal court may only decline to exercise supplemental jurisdiction
5  over a claim that meets the "same case or controversy" test if "(1) the claim
6  raises a novel or complex issue of state law; (2) the claim substantially
7  predominates over the claim or claims over which the district court has original
8  jurisdiction; (3) the district court has dismissed all claims over which it has
9  original jurisdiction; or (4) in exceptional circumstances, there are other
10 compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c); *Taiwan
11 Semiconductor Manufacturing Company, LTD, et al. v. Semiconductor
12 Manufacturing International Corporation*, 2004 U.S. Dist. LEXIS 29717, at *22,
13 24 (declining to exercise supplemental jurisdiction because state law claims for
14 trade secret misappropriation and unfair competition substantially predominated
15 over the federal patent claims).  Furthermore, "[the] exercise of supplemental
16 jurisdiction under § 1367 likewise is discretionary rather than mandatory."  *Id*. at
17 *22; 28 U.S.C. § 1367(c).  Here, if the Court exercises supplemental jurisdiction
18 over this case, it will be forced to interpret multiple and complex sections of the
19 California Labor Code.  Unfortunately, the Section 17200 claim depends on the
20 very same violations and issues.  This demonstrates again why the Section 17200
21 claim does not provide a basis for federal subject matter jurisdiction.
22       In the event that in its reply Defendant argues that this Court should at
23 least retain some portion of the Sixth Cause of Action in federal court (violation
24 of Section 17200) and remand the rest of claims (causes of action one through
25 five) back to state court, Plaintiffs emphasize that 28 U.S.C. § 1367(a) does not
26 authorize splitting of causes of action.  Given the interrelatedness of claims, the
27 Court must either exercise jurisdiction over the whole case, or remand the whole
28 case to California state court.  As the weight of the whole case rests on violations

of California state law, including the Section 17200 cause of action, this Court should not find subject matter jurisdiction here.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the motion be granted and the case remanded back to the Superior Court for the County of Riverside. Plaintiffs also respectfully request that this Court grant any other relief that it deems just and proper.

Dated: August 2, 2010                 Respectfully submitted,

                                      Initiative Legal Group APC


                                      By: s/ Liana Beneli
                                      Mónica Balderrama
                                      David Cheng
                                      Liana Beneli

                                      Attorneys for All Plaintiffs