Mónica Balderrama (SBN 196424)
MBalderrama@InitiativeLegal.com
David Cheng (SBN 240926)
DCheng@InitiativeLegal.com
Liana Beneli (SBN 256023)
LBeneli@InitiativeLegal.com
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone:  (310) 556-5637
Facsimile:   (310) 861-9051

Attorneys for All Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON Y. SOSA, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> WELLS FARGO BANK, N.A., a Delaware corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: EDCV10-1098 DSF (OPx) <br><br> Hon. Dale S. Fischer <br><br> **PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:   August 30, 2010 <br> Time:  1:30 p.m. <br> Place:  Courtroom 840 <br><br> Complaint Filed:   June 9, 2010 <br><br> Action Removed:   July 26, 2010 |

# TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................. 1

II.   ARGUMENT ........................................................................................ 2

    A.   Defendant Should Be Deemed To Have Consented To The Remand Because It Filed Its Opposition To Plaintiffs' Motion To Remand Late ................................................................ 2

    B.   Judge Anderson's Order Should Be Followed In This Case ................. 3

    C.   CAFA Diversity Jurisdiction Is Irrelevant To Determining The Existence Of Federal Question Jurisdiction Here .......................... 4

    D.   Defendant Has Failed To Show That The Section 17200 Claim Is Based On Federal Law .................................................. 5

    E.   Removal Must Be Shown Within The Four Corners Of A Pleading ...................................................................................... 8

    F.   Defendant's Misrepresentation Of Plaintiffs' Counsel's Statements Does Not Create Federal Jurisdiction ................................ 9

        1.   Defendant's Description of the "Meet and Confer" Session Is Inaccurate ................................................................ 9

        2.   Parties Cannot Create Jurisdiction by Admission or Estoppel ...................................................................... 10

    G.   Defendant May Not Base Federal Jurisdiction Here On The Fact That Other Wells Fargo Employees Have Filed Actions In Federal Court ................................................................. 10

III.   CONCLUSION .................................................................................. 12

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Brennan v. Southwest Airlines*, 134 F.3d 1405 (9th Cir. 2004) ............................ 6

*Duncan v. Stuetzle*, 76 F.3d 1480 (9th Cir. 1996) ................................................. 7

*Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir. 2005) ........................ 8

*In Re Wells Fargo*, 2010 U.S. Dist. Lexis 3132 .................................................. 10

*Janakes v. United States Postal Service*, 768 F.2d 1091 (9th Cir. 1985) ........................................................................................................... 10

*Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033 (9th Cir., 2003) ......... 5, 8, 9

*National Credit Reporting Assn.*, 2004 U.S. Dist. LEXIS 17303 ..................... 7, 8

*Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165 (1939) ................... 10

*People ex rel. Lockyer v. Dynegy Power Marketing*, 375 F.3d 831 (9th Cir. 2004) ..................................................................................................... 6, 7

*Rains v. Criterion Sys.*, 80 F.3d 339 (9th Cir. Cal. 1996) ...................................... 5

*Richardson v. United States*, 943 F.2d 1107 (9th Cir. 1991) .............................. 10

*Roskind v. Morgan Stanley Dean Witter & Co.*, 165 F. Supp. 2d 1059 (N.D. Cal. 2001) ..................................................................................................... 5

*Taiwan Semiconductor Manufacturing Company, LTD, et al. v. Semiconductor Manufacturing International Corporation*, 2004 U.S. Dist. LEXIS 29717 (N.D. Cal., April 21, 2004) ....................................... 5

*Taylor v. Anderson*, 234 U.S. 74, 58 L. Ed. 1218, 34 S. Ct. 724 (1914) ................................................................................................................... 9

*Wiley v. Trendwest Resorts, Inc.*, 2005 U.S. Dist. Lexis 35568 (N.D. Cal., May 3, 2005) ................................................................................................ 7, 8

**STATE CASES**

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163 (1999) .................................................................. 7

**FEDERAL STATUTES**

26 U.S.C.S. § 7422(a) ........................................................................................ 6

28 U.S.C. § 1331 ............................................................................................... 4

28 U.S.C. § 1367 ............................................................................................. 10

Class Action Fairness Act (CAFA) ............................................................. *passim*

Economic Espionage Act .................................................................................. 5

Fair Labor Standards Act (FLSA) ............................................................... *passim*

Natural Gas Act ................................................................................................. 6

**STATE STATUTES**

Cal. Lab. Code § 510 ............................................................................ 3, 7, 9, 10

Cal. Local Rule 7-9 ........................................................................................... 3

Cal. Local Rule 7-12 ...................................................................................... 2, 3

Cal. Local Rule 7-13 ...................................................................................... 2, 3

Cal. Bus. & Prof. Code § 17200 .................................................................. *passim*

## I. INTRODUCTION

Defendant's opposition to the motion to remand only further serves to demonstrate why this case belongs in state court. The bulk of the opposition rests on the flawed argument that if a class action by Wells Fargo employees is removable under CAFA diversity jurisdiction, then their individual actions must be removable under federal question jurisdiction. However, the analyses of federal jurisdiction under these different theories are distinct and not comparable.

Defendant's other arguments are (a) that Plaintiffs' counsel somehow "admitted" that Plaintiffs' claim under Section 17200 of the California Business and Professions Code is exclusively based on the federal Fair Labor Standards Act ("FLSA") and (b) that Defendant may remove the Section 17200 claim because it intends to raise a defense to all of Plaintiffs' state law claims that form the core of that action. Neither of these arguments has merit. Plaintiffs' counsel did not "admit" the existence of federal jurisdiction (nor, indeed, could federal jurisdiction be created by an "admission") and Defendant cannot gin up federal jurisdiction by deliberately ignoring Plaintiffs' state law claims. Indeed, dwelling on the potential for state law defenses seems to undermine the whole idea of finding federal question jurisdiction here.

Defendant's opposition fails to address the main issue presented, that federal removal jurisdiction is to be narrowly construed within the four corners of a pleading, and that courts do not permit removal of a Section 17200 claim, even under the "artful pleading" doctrine, unless it arises under federal law and is not supported by any state law theories. To justify federal removal jurisdiction here, Defendant needed to present a clear basis for removal that addressed this precise issue of law, not accusations of "sophistry" and suggestions that state law defenses might govern.

The lack of federal jurisdiction has, in fact, already been determined. As defense counsel Lindbergh Porter, Jr. set forth in his declaration in support of

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND; MEMORANDUM OF P'S & A'S IN SUPPORT THEREOF

Defendant's motion to dismiss, to strike and for a more definite statement ("Porter Declaration") in *McLane, et al. v. Wells Fargo Bank, N.A.* ("*McLane*"), case number SACV 10-01085 DOC (RNBx), this case is in all essential respects identical to those filed by other HMCs (see definition of HMC, *infra*) against Wells Fargo Bank, N.A. This Court should follow the lead of Judge Anderson in remanding another sister case of *Williams, et al. v. Wells Fargo Bank, N.A.* ("*Williams*"), case number CV 10-4761 PA (PJWx), on August 9, 2010 for lack of federal question jurisdiction. There is no reason to reach a different result in this case. Filed herewith are full copies of the complaint, notice of removal, and order in the *Williams* case, as well as the Porter Declaration in the *McLane* case, showing that it is just like this case and merits the same treatment. *See* Exhibits 3, 4, 5 and 6 to the Declaration of Liana Beneli ("Beneli Decl.").

 Finally, but not least, this motion should be granted because Defendant filed its opposition to the motion to remand several days late, leaving Plaintiff just two business days in which to prepare this reply. Under Local Rules 7-12 and 7-13, the failure to file the opposition within the deadline may be deemed consent to granting the motion and/or subject the late filer to appropriate sanctions. This failure to timely file an opposition is not excused or explained in by Defendant, and is independent alternative ground on which to grant Plaintiffs' motion to remand.

 Plaintiffs request that their motion to remand be granted.

## II. ARGUMENT

### A. Defendant Should Be Deemed To Have Consented To The Remand Because It Filed Its Opposition To Plaintiffs' Motion To Remand Late

 Plaintiffs filed their motion to remand on August 2, 2010, set for hearing on August 30, 2010 according to Local Rule 6-1. Pursuant to Local Rule 7-9, any opposition had to be filed not later than twenty-one (21) days before the date

designated for the hearing date of August 30, 2010. Therefore, Defendant was required to file any opposition on or before August 9, 2010. Defendant failed to do so. Instead, Defendant filed its opposition 3 days later, on August 12, 2010. Under Local Rules 7-12 and 7-13, this Court can and should deem the failure to file the timely opposition as consent to the remand.[1]

### B. Judge Anderson's Order Should Be Followed In This Case

The *Williams* case was filed on May 20, 2010. The causes of action in that sister case are identical to the causes of action in this case—both cases allege as follows: (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); (2) Violation of California Labor Code §§ 2800 and 2802 (Unpaid Business Expenses); (3) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination); (4) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment); (5) Violation of California Labor Code § 226(a) (Non-compliant Wage Statements); and (6) Violation of California Business & Professions Code §§ 17200, et seq. *See generally* Exhibit 6, the *Williams* complaint.

On August 9, 2010, Hon. Percy Anderson issued an order remanding the *Williams* case to the Superior Court for the County of Los Angeles. *See* Exhibit 3 at 4. This order is instructive because the cases present the same theories and almost the same facts. In the sister case of *McLane*, Defense counsel declared that the *Williams* case (as well as other sister cases pending in various counties, including the *McLane* case) was identical to this case. *See* Exhibit 5, ¶5 of the Porter Declaration.

Judge Anderson reviewed the case law and determined in a thorough

---

[1] Although Defendant's untimely filing deprived Plaintiff of almost half the reply period, Plaintiffs were able to meet their deadline in part because, as explained *supra*, both parties briefed the same issues before Judge Anderson in *Williams* (who then granted the motion to remand). The fact that Defendant's opposition brief here is nearly identical to the one it filed in *Williams* makes its failure to meet the deadline all the more inexcusable.

opinion that the sister action of *Williams* was improperly removed and should be remanded to state court for lack of federal jurisdiction. In his Order of August 9, 2010, Judge Anderson found that where a Section 17200 cause of action "borrowed" violations of both state and federal theories, each was independently actionable and the cause of action could not be said to arise from or depend on federal law. *See* Exhibit 3 at 3.

Judge Anderson further found that Defendants' arguments about the applicability of a state-law defense to the claim if that employees were improperly classified as "exempt" were not well taken in evaluating whether federal jurisdiction existed. *See* Exhibit 3 at 3.

Accordingly, this Court should follow Judge Anderson's ruling and remand this case back to state court, which is the proper forum for it.[2]

### C. CAFA Diversity Jurisdiction Is Irrelevant To Determining The Existence Of Federal Question Jurisdiction Here

Defendants repeatedly contend that the removal of the *Mevorah* class action in 2005 means that this case must also be removable. The difference between the two actions, however, is not trivial. The *Mevorah* class action was removed under the Class Action Fairness Act codified at 28 U.S.C. § 1332(d)(2) ("CAFA") which expands *diversity* jurisdiction in class action cases. No federal question need be present; no determination of whether a federal question exists is ever made in such a case.

---

[2] Defendant's new strategy is worth noting. After Judge Anderson's order, in an apparent last attempt to forestall remand of this and other HMC sister cases, Defendant filed a motion to coordinate proceedings before the Multi-Jurisdictional Panel ("MDL") on August 13, 2010. The MDL motion is not relevant to this jurisdictional question although it will bear on the motions to dismiss. Throughout Defendant's notices of removal and motions to dismiss these cases, Defendant has argued that Plaintiffs should have filed individual actions due to the fact that their cases were dissimilar. Now, evidently, Defendant argues that Plaintiffs' cases are so similar that they warrant coordination before the MDL. The pending MDL motion does not affect this court or this motion in any way. (*See* Rule 1.5 of the MDL Rules).

Page 4

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND; MEMORANDUM OF P'S & A'S IN SUPPORT THEREOF

Here, by contrast, the sole basis for removal was federal question jurisdiction under 28 U.S.C. § 1331. *See* Notice of Removal, Docket Entry No. 1. This limits federal jurisdiction to civil actions "arising under the Constitution, laws, or treaties of the United States." There is no dispute that the only possible basis for federal question jurisdiction here is the existence of a single line in the complaint alleging that the acts that violate state labor laws, for which redress is sought under Section 17200 of the California Business and Professions Code, also contravene the FLSA.

### D. Defendant Has Failed To Show That The Section 17200 Claim Is Based On Federal Law

As explained in *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1043 (9th Cir. 2003) (citing *Rains v. Criterion Sys.*, 80 F.3d 339, 346 (9th Cir. Cal. 1996)), "[w]hen a claim can be supported by alternative and independent theories - one of which is a state law theory and one of which is a federal law theory - federal question jurisdiction does not attach because federal law is not a necessary element of the claim." The *Lippitt* court remanded because the federal claim at issue there was not *necessary* to the maintenance of the action under Section 17200. *Id.*; *see also Roskind v. Morgan Stanley Dean Witter & Co.*, 165 F. Supp. 2d 1059, 1067 (N.D. Cal. 2001) (finding that because the unlawful prong of plaintiff's Section 17200 claim could be satisfied by either state or federal law, remand was proper); *Taiwan Semiconductor Manufacturing Company, LTD, et al. v. Semiconductor Manufacturing International Corporation*, 2004 U.S. Dist. LEXIS 29717, at * 16 (N.D. Cal., April 21, 2004) (finding that although plaintiffs alleged, as part of their Section 17200 claim, that defendant conspired to misappropriate trade secrets in violation of the Federal Economic Espionage Act of 1996, this allegation did not transform the Section 17200 claim into a federal cause of action).

Throughout Defendant's entire opposition, Wells Fargo Bank continues to

misrepresent Plaintiffs' complaint and argues that Plaintiffs are seeking recovery under the UCL based on a violation of the FLSA. The reference to the FLSA, however, is insufficient to make a violation of the FLSA *necessary* to obtaining restitution under Section 17200. In fact, the Section 17200 claim seeks recovery based on violations of Sections 510, 1198, 226.7, 512(a), 201, 202, 204, 2800 and 2802 of the California Labor Code, and makes only a single, alternative reference to the FLSA.

All of Defendant's authorities for the proposition that a Section 17200 claim can be the basis for federal question jurisdiction consist of cases where issues of federal law were the *only* issues presented. Defendant cites *Brennan v. Southwest Airlines*, 134 F.3d 1405, 1409 (9th Cir. 2004) and *People ex rel. Lockyer v. Dynegy Power Marketing*, 375 F.3d 831, 841 n.6 (9th Cir. 2004) for the proposition that a federal court should exercise federal jurisdiction over a UCL claim that is based upon an alleged violation of federal law that requires interpretation of that federal law. In *Brennan*, *supra*, the court found that the express language of 26 U.S.C.S. § 7422(a) established that plaintiff had filed a tax refund suit. *Brennan,* 134 F.3d at 1409. Since it was well-established that the federal law, the Internal Revenue Code, provided the exclusive remedy in tax refund suits and thus preempted state-law claims that seek tax refunds, the court found that federal subject matter jurisdiction existed. *Id.* There is no such exclusive remedy for wage and hour lawsuits. On the contrary, California Labor Code provides various kinds of remedies for wage and hour violations that are different from and *not* inconsistent with those provided by the FLSA. There is, in short, no pre-emption of the wage and hour field by federal law.

Similarly, in *People ex rel. Lockyer*, *supra*, in asserting federal subject matter jurisdiction, the federal court found that the complaint presented no independent state law claim and that it was simply an action to enforce federal tariffs. *People ex rel. Lockyer,* 375 F.3d at 840. As in *Brennan*, the federal court

Page 6

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND; MEMORANDUM OF P'S & A'S IN SUPPORT THEREOF

1  in *People ex rel. Lockyer* took jurisdiction because federal law, the Natural Gas
2  Act, *preempted* state law because plaintiffs alleged a claim to enforce an
3  obligation that fell within the exclusive jurisdiction of the federal law.

4  In its ruling, *People ex rel. Lockyer* actually cites to *Duncan v. Stuetzle*, 76
5  F.3d 1480, 1486 (9th Cir. 1996), where the court held that "[i]f single state-law
6  based theory of relief can be offered for each of the three causes of action in the
7  complaint, then the exercise of removal jurisdiction was improper." *Id.* at 841.
8  Here, every one of the six causes of action in Plaintiffs' complaint seeks relief
9  based on state law theories, and the face of the complaint does not require
10 resolution of a federal law question.

11 Defendant failed to mention in their opposition that in fact, these three
12 cases, *supra*, emphasize that to invoke federal subject matter jurisdiction, a
13 Section 17200 claim must **rest, be predicated on, and turn entirely upon an**
14 **interpretation of federal law**, which is clearly not the case with Plaintiffs'
15 California state complaint.  The Section 17200 claim here rests, is predicated on,
16 and turns almost entirely on the interpretation of California state law, despite the
17 additional reference to violations of sections 206 and 207 of the FLSA.
18 Plaintiffs' reference to FLSA violations in the Sixth Cause of Action alleging a
19 Section 17200 violation, piggybacks on the violations of numerous sections of
20 the California Labor Code such as 510, 1198, 226.7, 512(a), 201, 202, 204, 2800
21 and 2802, which are the primary source of liability for that cause of action.

22 Defendant also cites *National Credit Reporting Assn.*, 2004 U.S. Dist.
23 LEXIS 17303 (N.D. Cal., July 21, 2004), *Cel-Tech Communications, Inc. v. Los*
24 *Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999), and *Wiley v.*
25 *Trendwest Resorts, Inc.*, 2005 U.S. Dist. Lexis 35568 (N.D. Cal., May 3, 2005),
26 for the proposition that federal court has subject matter jurisdiction because
27 Plaintiffs alleged "unfair, unlawful and deceptive" acts that violate federal law to
28 state a UCL claim.  However, none of these cases are on point because the

plaintiffs in these three cases alleged only federal law violations as the bases for Section 17200 claims. As Defendant quotes in its own opposition, *National Credit Reporting Assn.* (citing *Cel-Tech Communications, Inc.*) emphasized that "plaintiff's claim for unlawful business practices necessarily rests on questions of federal antitrust law"—a finding that cannot be made here. *National Credit Reporting Assn*, 2004 U.S. Dist. LEXIS 17303, at *8-9. In contrast, the Plaintiffs' Section 17200 UCL claim here does not necessarily rest on questions of federal law, but rather is predicated on multiple violations of California state law.

Finally, Defendant cites to *Wiley v. Trendwest Resorts, Inc.*, 2005 U.S. Dist. Lexis 35568 (N.D. Cal., May 3, 2005), for the proposition that the motion to remand is proper in an action seeking restitution of overtime under the UCL where a violation of the FLSA was the "unlawful act" borrowed for purposes of the UCL. In *Wiley*, however, the cause of action for violation of Section 17200 was based entirely on a violation of § 207 of the FLSA. *Id.* at * 2. The plaintiffs in *Wiley* did not allege a single state law violation as a predicate for a Section 17200 UCL claim. *Id.*

Thus, none of Defendant's authorities justify finding federal subject matter jurisdiction where a complaint pleads violations of sections 510, 1198, 226.7, 512(a), 201, 202, 204, 2800 and 2802 of the California Labor Code as a predicate for a Section 17200 UCL claim.

**E. Removal Must Be Shown Within The Four Corners Of A Pleading**

As explained in *Lippitt*, 340 F.3d at 1039, the "well-pleaded complaint rule" confines the jurisdictional analysis to the face of the complaint.[3]

---

[3] This rule is not unique to federal question jurisdiction. The same requirement exists for removal in diversity cases under *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692-693 (9th Cir. 2005).

Page 8

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND; MEMORANDUM OF P'S & A'S IN SUPPORT THEREOF

Defendant's potential defenses may not be considered in the analysis. *Lippitt* quoted the Supreme Court as follows:

> Whether a case is one arising under the Constitution or a law or treaty of the United States . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, *unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant might interpose*.

*Lippitt*, 340 F.3d at 1040, quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76, 58 L. Ed. 1218, 34 S. Ct. 724 (1914) (emphasis added).

Accordingly, Defendant cannot assert a state law defense to state law violations—and ask this Court to effectively rule on that defense in its favor—in order to jettison the state law bases for the Section 17200 claim as pleaded. The well-pleaded complaint rule precludes such a ruling on a motion to remand. Defendant has presented no authority for finding federal subject matter jurisdiction where a defendant avers it might be able to eliminate state law claims in the future.

### F. Defendant's Misrepresentation Of Plaintiffs' Counsel's Statements Does Not Create Federal Jurisdiction

#### 1. Defendant's Description of the "Meet and Confer" Session Is Inaccurate

During the parties' "meet and confer" session, Defense counsel asked Plaintiffs' counsel if she would be willing to delete the line in the complaint referring to the alternative theory of violation of the FLSA. She declined to do so. Defendant (as it had obviously planned to) seeks to use the fact that Plaintiffs' counsel is not willing to delete the reference to the FLSA in the complaint to argue that federal subject matter jurisdiction exists in this case; However, this is a non-issue. A "belt-and-suspenders" approach to pleading is just good practice.

In addition, defense counsel's declaration is inaccurate in that it states that Plaintiffs' counsel, Ms. Beneli, represented that the FLSA claim was an "independent" basis for the Section 17200 claim. No such statement was made. The assertion by Defense counsel is belied by the emails exchanged between counsel (confirming and responding). After reading this email exchange, it is obvious that these emails do not refer to such a statement. (*See* Beneli Decl., ¶¶ 2, 3; *see also* Exhibits 1 and 2 to the Beneli Decl.).

### 2. Parties Cannot Create Jurisdiction by Admission or Estoppel

At any rate, even if Plaintiffs' counsel had stated outright that federal jurisdiction existed here, such a statement would not create jurisdiction or affect this Court's inquiry on motion to remand. The parties cannot create jurisdiction by stipulation, waiver, or admission. *See Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 167 (1939) ("The jurisdiction of the federal courts—their power to adjudicate—is a grant of authority to them by Congress and thus beyond the scope of litigants to confer."); *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991) ("Subject matter jurisdiction cannot be conferred upon the courts by the actions of the parties and principles of waiver and estoppel do not apply."); *Janakes v. United States Postal Service*, 768 F.2d 1091, 1095 (9th Cir. 1985) ("parties cannot by stipulation or waiver grant or deny federal subject matter jurisdiction.").

### G. Defendant May Not Base Federal Jurisdiction Here On The Fact That Other Wells Fargo Employees Have Filed Actions In Federal Court

Defendant argues that although the class *In Re Wells Fargo*, 2010 U.S. Dist. Lexis 3132 (N.D. Cal., January 13, 2010) was decertified, federal question jurisdiction still remains for those *claims* that putative class members decided to bring on an individual basis. This argument is misguided. It might have been

1  possible for the federal court to retain jurisdiction under 28 U.S.C. § 1367
2  (supplemental jurisdiction) over Plaintiff Mevorah's individual action even
3  though the basis for jurisdiction under the Class Action Fairness Act ("CAFA")
4  had been effectively extinguished, but that question has no logical bearing on
5  any new or different lawsuits by different plaintiffs over which the Court has not
6  *already* asserted jurisdiction.

7  Defendant fails to demonstrate (1) that the other cases pending in federal
8  court (filed by different counsel, not Initiative Legal Group) make the same
9  allegations as this complaint or (2) that if they are the same, that federal question
10  jurisdiction in those cases exists.  There is no issue of estoppel or admission
11  here, in that none of the cases for which Initiative Legal Group is counsel were
12  filed in federal court.  In fact, in each of the other 29 cases pending in federal
13  court, the plaintiff alleged a specific cause of action for the violation of the
14  FLSA by itself, a cause of action for which the FLSA is plainly necessary and
15  the exclusive basis.  As a result, there is no question in these 29 cases that federal
16  subject matter jurisdiction exists.  (*See* Exhibit 7 to the Beneli Decl., a
17  representative complaint for one of the plaintiffs that ILG does not represent.)
18  Simply put, where other counsel choose to file their cases has no bearing on
19  whether subject matter jurisdiction exists in this case.
20  ///
21  ///
22  ///

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the motion be granted and the case remanded back to the Superior Court for the County of Riverside.  Plaintiffs also respectfully request that this Court grant any other relief that it deems just and proper.

Dated:  August 16, 2010              Respectfully submitted,

                                          Initiative Legal Group APC

By: s/ Liana Beneli
    Mónica Balderrama
    David Cheng
    Liana Beneli

Attorneys for All Plaintiffs

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND; MEMORANDUM OF P'S & A'S IN SUPPORT THEREOF